1  Michael G. Chapman, Esq. (SBN 1630)
   Steven M. Silva, Esq. (SBN12492)
2  FENNEMORE CRAIG, P.C.
   300 E. Second St., Suite 1510
3  Reno, Nevada 89501
4  Tel: 775-788-2271   Fax: 775-788-2291
   mchapma@fclaw.com; ssilva@fclaw.com
5
6  Anne Marie O'Brien (NE Bar # 18271)
   Michael L. Storey (NE Bar # 24960)
7  LAMSON, DUGAN & MURRAY, LLP
   10306 Regency Parkway Drive
8  Omaha, NE 68114
   Tel: (402) 397-7300   Fax: (402) 397-7824
9  aobrien@ldmlaw.com; mstorey@ldmlaw.com
10 *Attorneys for Plaintiff Union Pacific Railroad
   Company, a Delaware Corporation*



## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WINECUP GAMBLE, INC., a Nevada Corporation; and PAUL FIREMAN, an individual,<br><br>Defendants. | CASE NO. 3:17-cv-00477-LRH-VPC<br><br>STIPULATION AND (PROPOSED) ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED AND/OR CONFIDENTIAL INFORMATION |

COME NOW Plaintiff Union Pacific Railroad Company ("Union Pacific"), Defendant Winecup Gamble, Inc. ("Winecup"), and Defendant Paul Fireman ("Fireman") and jointly stipulate to the terms of Stipulated Order Governing the Disclosure of Privileged and/or Confidential Information:

1

## I. APPLICABILITY

1. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

## II. PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2. The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information.

3. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

4. The producing party must notify the receiving party promptly, in writing, upon discovery that a document containing privileged and/or work product protected information has been produced. Upon receiving written notice from the producing party that privileged and/or

work product material has been produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in paragraph 5, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

5. The receiving party may contest the privilege or work product designation by the producing party by giving the producing party written notice of the reason for said disagreement within ten (10) business days of the initial notice by the producing party. In that event, the receiving party shall return the allegedly privileged document and the producing party shall provide a log entry for the document. The receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the receipt of the log entry, seek an Order from the Court compelling the production of the material.

6. In the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged, any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be destroyed or redacted.

7. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

III. PRIVILEGE LOGGING

8. The following documents presumptively need not be included on a privilege log:

   a. Written or oral communications between a party and its counsel after commencement of this litigation and work product material created after commencement of the any litigation relating to this litigation.

   b. Work product created by outside counsel, or by an agent of outside counsel other than a party after commencement any litigation.

**STIPULATED AND AGREED to on this 3rd day of November, 2017**

| Respectfully submitted, | Respectfully submitted |
|---|---|
| LAMSON, DUGAN & MURRAY, LLP | SNELL & WILMER, L.L.P |
| /s/ Michael L. Storey<br>Anne Marie O'Brien (NE Bar # 18271)<br>Michael L. Storey (NE Bar # 24960)<br>Lamson, Dugan & Murray, LLP<br>10306 Regency Parkway Drive<br>Omaha, NE 68114<br>Tel: (402) 397-7300   Fax: (402) 397-7824<br>aobrien@ldmlaw.com<br>mstorey@ldmlaw.com<br>   and<br>Michael G. Chapman (NV Bar # 1630)<br>Steven M. Silva (NV Bar #12492)<br>Fennemore Craig, P.C.<br>300 E 2nd Street Suite 1510<br>Reno, NV 89501<br>Tel: (775) 788-2200   Fax: (775) 786-1177<br>mchapman@fclaw.com<br>ssilva@fclaw.com<br>*Attorneys for Plaintiff Union Pacific Railroad Company, a Delaware Corporation* | /s/ Michael R. Menssen<br>William E. Peterson, Bar No. 1528<br>Ryan Stodtmeister, Bar No. 14281<br>50 West Liberty Street, Suite 510<br>Reno, Nevada 89501<br><br>David J. Jordan, Utah Bar No. 1751<br>Michael R. Menssen, Utah Bar No. 15424<br>Stoel Rives LLP<br>201 S. Main Street, Suite 1100<br>Salt Lake City, UT 84111<br>*Attorneys for Defendant Winecup Gamble, Inc. and for Defendant Paul Fireman* |

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the stipulated and order that above stipulation governing the disclosure of privileged information is hereby GRANTED.

Dated: November 9, 2017

_____
THE HONORABLE VALERIE P. COOKE,
U.S. MAGISTRATE JUDGE