1   Michael G. Chapman, Esq. (SBN 1630)
    Steven M. Silva, Esq. (SBN12492)
2   FENNEMORE CRAIG, P.C.
    300 E. Second St., Suite 1510
3   Reno, Nevada 89501
4   Tel: 775-788-2271  Fax: 775-788-2291
    mchapma@fclaw.com; ssilva@fclaw.com
5
6   Anne Marie O'Brien (NE Bar # 18271)
    Michael L. Storey (NE Bar # 24960)
7   LAMSON, DUGAN & MURRAY, LLP
    10306 Regency Parkway Drive
8   Omaha, NE 68114
    Tel: (402) 397-7300  Fax: (402) 397-7824
9   aobrien@ldmlaw.com; mstorey@ldmlaw.com
10  *Attorneys for Plaintiff Union Pacific Railroad*
       *Company, a Delaware Corporation*



✓ FILED          _____ RECEIVED
_____ ENTERED          _____ SERVED ON
          COUNSEL/PARTIES OF RECORD

NOV 1 7 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

11

12          **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**
13

14  UNION PACIFIC RAILROAD COMPANY,
    a Delaware Corporation,                    CASE NO. 3:17-cv-00477-LRH-VPC
15
16          Plaintiff,
17
            vs.
18                                              STIPULATION AND (~~PROPOSED~~) ORDER
    WINECUP GAMBLE, INC., a Nevada             ALLOWING PLAINTIFF TO FILE FIRST
19  Corporation; and PAUL FIREMAN, an                  AMENDED COMPLAINT
    individual,
20
21          Defendants.
22

23          COME NOW Plaintiff Union Pacific Railroad Company ("Union Pacific"), Defendant

24  Winecup Gamble, Inc., and Defendant Paul Fireman and stipulate pursuant to Fed. R. Civ. P. 15

25  (a)(2) that Union Pacific should be granted leave to file its First Amended Complaint, a copy of

26  which is attached as Exhibit "A." Union Pacific seeks to file its First Amended Complaint to add

27

28
                                    1

additional allegations related to the failure of the Dake Reservoir Dam.  It is hereby stipulated, by and between Union Pacific and Defendants, by and through their respective counsel, that:

1.     Union Pacific should be granted leave to file its First Amended Complaint, a copy of which is attached as Exhibit "A."

2.     Both Defendant Winecup Gamble, Inc.'s and Defendant Paul Fireman's responsive pleading shall be due December 8, 2017.

**STIPULATED AND AGREED to on this 16th day of November, 2017**

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted |
| LAMSON, DUGAN & MURRAY, LLP | SNELL & WILMER, L.L.P |
| /s/ Michael Storey | /s/ Michael R. Menssen |
| Anne Marie O'Brien (NE Bar # 18271) | William E. Peterson, Bar No. 1528 |
| Michael L. Storey (NE Bar # 24960) | Ryan Stodtmeister, Bar No. 14281 |
| Lamson, Dugan & Murray, LLP | 50 West Liberty Street, Suite 510 |
| 10306 Regency Parkway Drive | Reno, Nevada 89501 |
| Omaha, NE 68114 | |
| Tel: (402) 397-7300   Fax: (402) 397-7824 | David J. Jordan, Utah Bar No. 1751 |
| aobrien@ldmlaw.com | Michael R. Menssen, Utah Bar No. 15424 |
| mstorey@ldmlaw.com | Stoel Rives LLP |
|          and | 201 S. Main Street, Suite 1100 |
| Michael G. Chapman (NV Bar # 1630) | Salt Lake City, UT 84111 |
| Steven M. Silva (NV Bar #12492) | *Attorneys for Defendant Winecup* |
| Fennemore Craig, P.C. | *Gamble, Inc. and for Defendant Paul* |
| 300 E 2nd Street Suite 1510 | *Fireman* |
| Reno, NV 89501 | |
| Tel: (775) 788-2200   Fax: (775) 786-1177 | |
| mchapman@fclaw.com | |
| ssilva@fclaw.com | |
| *Attorneys for Plaintiff Union Pacific* | |
| *Railroad Company, a Delaware Corporation* | |

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the above stipulation governing is Granted and IT IS HEREBY ORDERED:

1.     Union Pacific is granted leave to file its First Amended Complaint, a copy of which is attached as Exhibit "A."

2.     Both Defendant Winecup Gamble, Inc.'s and Defendant Paul Fireman's responsive pleading shall be due December 8, 2017.

Dated: _November 17, 2017_

THE HONORABLE VALERIE P. COOKE,
U.S. MAGISTRATE JUDGE

LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114 402-397-7300

3

1   Michael G. Chapman, Esq. (SBN 1630)
    Steven M. Silva, Esq. (SBN 12492)
2   FENNEMORE CRAIG, P.C.
    300 E. Second St., Suite 1510
3   Reno, Nevada 89501
    Tel: 775-788-2271   Fax: 775-788-2291
4   mchapman@fclaw.com; ssilva@fclaw.com

5   Anne Marie O'Brien (NE Bar # 18271)
    Michael L. Storey (NE Bar # 24960)
6   LAMSON, DUGAN & MURRAY, LLP
7   10306 Regency Parkway Drive
    Omaha, NE 68114
8   Tel: (402) 397-7300
    Fax: (402) 397-1767
9   aobrien@ldmlaw.com; mstorey@ldmlaw.com
    *Attorneys for Plaintiff Union Pacific Railroad*
10  *Company, a Delaware Corporation*
    ~~Application for Pro Hac Vice to be Submitted~~
11

12              **UNITED STATES DISTRICT COURT**

13                **DISTRICT OF NEVADA**

14  UNION PACIFIC RAILROAD COMPANY,
15  A Delaware Corporation,                    CASE NO.

16      Plaintiff,                             PROPOSED FIRST AMENDED
                                               COMPLAINT
17  v.                                         JURY TRIAL DEMAND

18
    ~~WINECUP RANCH, LLC, an Idaho Limited~~
19  ~~Liability Company; and~~ WINECUP
    GAMBLE, INC., a Nevada Corporation; and
20  PAUL FIREMAN, an individual,

21      Defendants.

22

23              **FIRST AMENDED COMPLAINT**

24      Plaintiff, UNION PACIFIC RAILROAD COMPANY ("**Union Pacific**"), for its cause of

25  action against Defendants, and each of them individually, states and alleges as follows:

26                        **PARTIES**

27      1.      Union Pacific is a corporation organized and existing under the laws of the State

28  of Delaware with its principal place of business located in Omaha, Nebraska.   It is in the

*(left margin, vertical)* LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114 402-397-7300

1

Exhibit A

1  business of providing interstate freight transportation by rail in 23 states in the western two-
2  thirds of the United States.  As part of its interstate business Union Pacific hauls freight on its
3  mainline tracks, providing a critical link in the global supply chain.  A portion of these tracks run
4  in an east/west manner from the State of Utah, across the Utah/Nevada State line, and through
5  Elko County, Nevada near the property of the Defendants.

6  ~~2.   Defendant WINECUP RANCH, LLC (the "Ranch") is registered in Nevada as a~~
7  ~~foreign limited liability company.   In Nevada government records, the Ranch states that its~~
8  ~~officers reside in Oakley, Idaho, which upon information and belief is the Limited Liability~~
9  ~~Company's principal location.~~

10  ~~3.   Upon information and belief and at all times herein the Ranch has maintained and~~
11  ~~operated the Twenty-Three Mile Dam ("Dam"), which is the subject of this Complaint, in~~
12  ~~cooperation with the other Defendants and/or as a joint venture.  The Dam is described with~~
13  ~~more particularity in paragraph 6 herein.   The Dam is located in Elko County, Nevada, on~~
14  ~~property which is at, near, or contiguous to the Railroad's tracks.~~

15  4<u>2</u>.   Defendant WINECUP GAMBLE, INC (the "**Corporation**") is a Nevada
16  corporation organized and existing under the laws of the State of Nevada with its principal place
17  of business located in Elko, Nevada.  Upon further information and belief and at all times herein
18  the Corporation is the owner of the ~~Dam~~ <u>dams in question</u> and the property whereupon ~~it~~<u>both</u>
19  <u>dams are</u>~~is~~ located.  The Corporation has also maintained and operated the ~~Dam~~<u>dams under the</u>
20  <u>authority of and/or</u> in cooperation with the other Defendants and/or as a joint venture.

21  <u>3.   Upon information and belief and at all times herein the Corporation has</u>
22  <u>maintained and operated the Twenty-Three Mile Dam, which is the subject of this Complaint, in</u>
23  <u>cooperation with the other Defendant and/or as a joint venture.  The Twenty-Three Mile Dam is</u>
24  <u>described with more particularity in paragraph 6 herein.   The Twenty-Three Mile Dam is located</u>
25  <u>in Elko County, Nevada, on property which is at, near, or contiguous to the Railroad's tracks.</u>

26  <u>4.   Upon information and belief and at all times herein the Corporation has owned,</u>
27  <u>maintained, and operated the Dake Reservoir Dam, which is the subject of this Complaint, in</u>
28  <u>cooperation with the other Defendant and/or as a joint venture.  The Dake Reservoir Dam is</u>

LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114 402-397-7300

2

1   described with more particularity in paragraph 7 herein.   The Dake Reservoir Dam is located in

2   Elko County, Nevada, on property, which is at, near, or contiguous to the Railroad's tracks.

3        5.     Defendant PAUL FIREMAN ("**Fireman**") is the principle owner and President of

4   the Corporation, which is closely held and has only two shareholders: Fireman and his wife.

5   Upon information and ~~belief~~belief, Fireman is a resident of the State of Florida.   Upon further

6   information and ~~belief~~belief, Fireman was in sole control of the Corporation and acted as the

7   outright owner of the real and personal property of the Winecup Gamble ranch.   Upon further

8   information and ~~belief~~belief, the Corporation was the alter ego of Fireman, with little to no

9   separate identity between the corporate entity and Fireman; and he did not create the Corporation

10  for legitimate business purposes but rather to derive certain additional personal benefits.   Upon

11  further information and ~~belief~~belief, Fireman exercised complete control of the Corporation and

12  failed to authorize adequate expenditures to operate, repair and maintain the ~~Dam~~dams; and

13  Fireman chose not to properly capitalize the Corporation to cover losses from any ~~Dam~~ dam

14  failure, which is detrimental to the Corporation's creditors.

15       6.     The Twenty Three Mile Dam (a/k/a ~~Twenty Three Mile Dam,~~ the Twenty one

16  Mile Dam or 21 Mile Dam) is identified by ID # NV00110 and the legal ~~description~~

17  ~~of~~description of 189CN42 E67 15BA.   It is located on Thousand Springs Creek on the property

18  owned and managed by ~~the Ranch and~~ the Corporation in Elko County, Nevada.

19       7.     The Dake Reservoir Dam is identified by ID # NV00109 and the legal description

20  of 189DN40 E70 07D.   It is located on Thousand Springs Creek on the property owned and

21  managed by the Corporation in Elko County, Nevada.

22                                 **JURISDICTION AND VENUE**

23       ~~7~~8.     Paragraphs 1 through ~~6~~7 of this Complaint are incorporated as though fully set

24  forth herein.

25       ~~8~~9.     This Court has original subject matter jurisdiction over this case because the

26  parties have diverse citizenships and the amount in controversy exceeds Seventy-Five Thousand

27  Dollars ($75,000.00).   28 U.S.C. § 1332.

28       ~~9~~10.     This Court has personal jurisdiction over the Defendants in this case because ~~the~~

LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114 402-397-7300

Dam both dams are is located in Nevada, and each of the Defendants' acts or omissions alleged herein occurred in the State of Nevada.  In addition, the Defendants have directed their activities and consummated transactions relating to their property and the Dams within this jurisdiction, and the injury suffered because of Defendants' negligence occurred in this State.

1011.  Under 28 U.S.C. § 1391 venue is proper in this judicial district because the property which is the subject of this action is located in Nevada and a substantial part of the events or omissions giving rise to the claim occurred in this State.

## FACTS

1112.  Paragraphs 1 through 10 11 of this Complaint are incorporated as though fully set forth herein.

1213.  The Twenty Three Mile Dam is an earthen embankment which embankment, which is approximately 600 feet in length.  It is approximately 60 feet tall with a top width of around 20 feet, and a reservoir of approximately 300 acres.  The flows from the reservoir are controlled through an outlet discharge tunnel which

is a 3 feet wide concrete pipe with a flow capacity of 250 cubic feet per second.  An emergency spillway is located on the Twenty Three Mile Dam Dam's north end, about nine feet below the crest of the Twenty Three Mile Dam Dam.

1314.  Prior to February 8, 2017, uncontrolled seepage from the foundation of the Twenty Three Mile Dam had been evident for many years on the opposite side of the embankment.  Previous inspection reports dated as early as 1996 from the State of Nevada Division of Water Resources warned the Defendants of structural safety problems with the Dam's earthen embankment and outlet tunnel.  In repeated State inspections the outlet tunnel was found to be full of debris and silt, which prevented the release of water from the reservoir and created hydraulic pressure on the Twenty Three Mile Dam's foundation.  The valves and operating works were also found to be inoperable at the time of inspections.  There was seepage from the foundation of the Twenty Three Mile Dam that indicated structural integrity issues.

1415.  The State recommended as early as 1996 that for the Twenty Three Mile Dam the Defendants clear the tunnel and operate the outlet through its full range of motion at least twice

4

annually to make certain that it could and would operate as intended to relieve any pressure on the earthen embankment during peak watershed flow.  In 2002, the State of Nevada informed Defendants in a report that the outlet and spillway at the Twenty Three Mile Dam could not convey flood peaks of the 10 year magnitude.  Defendants were put on written notice that the Twenty Three Mile Dam's current condition could not withstand more than a 10 year flood event.

15̶16. On September 19, 2003 the State sent a letter to Defendants requesting that within the next 3 years the Defendants "undertake a program for investigation of the hydraulic adequacy of the Dam with respect to flooding (so-called 100 year event) and seeping under a full hydraulic head (reservoir full)."  The Defendants never prepared or submitted an investigation to the State as requested.   Defendants did not repair or remediate the Twenty Three Mile Dam to accommodate a full reservoir or a 100 year event as required by the State of Nevada.

16̶17. On May 21, 2012, a subsequent State inspection report on the Twenty Three Mile Dam noted that vegetation and debris surrounding the outlet channel were still present.  The report recommended that it be removed, and that all vegetation on the face of the Twenty Three Mile Dam should be removed as it emerges on a continuing basis.  The report noted again that the Dam was seeping from below and wearing away a section of the Twenty Three Mile Dam's foundation at the center of the toe.  The 2012 State inspection found "major seepage…apparently from underneath the main structure" of the Twenty Three Mile Dam.  The State again suggested that Defendants perform regular maintenance of the Twenty Three Mile Dam to make certain that its parts were operating.  The 2012 State inspector noted that̶noted, "no one has been here in years," little had changed, and no improvements had been made in the intervening 10 years.  The State Inspector recommended in his April 17, 2012 inspection report that the Defendants attend to the "major" seepage at the base of the Twenty Three Mile Dam which was coming from underneath the main embankment structure.  The State provided these reports to Defendants.

17̶18. A subsequent inspection by the Nevada Division of Water Resources on July 27, 2016 found that the Twenty Three Mile Dam outlet tunnel was again obstructed by visible debris, vegetation and soil erosion.  The outlet controls did not appear to be working.  The

LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114 402-397-7300

1   inspection also found that deep rooted vegetation had been growing on the <u>Twenty Three Mile</u>

2   <u>Dam</u>, posing a structural problem. The inspection report sent to the Defendants dated September

3   6, 2016 directed that within one year the outlet tunnel should be (again) cleared to prevent

4   backwater conditions, vegetation should be removed to prevent damage to the earthen

5   embankment and burrowing from animals, and the seepage ponds should be monitored.

6        19.   <u>At all times and pursuant to Nevada Administrative Code Section 535.240, the</u>

7   <u>Twenty Three Mile Dam was required, at minimum, to be able to withstand 100 year flood event</u>

8   <u>and to maintain its integrity during such an event. The State of Nevada warned Defendants in</u>

9   <u>2002 and 2003 that the structural integrity of the Twenty Three Mile Dam could not support</u>

10   <u>more than a 10 year flood event.</u>

11        20.   <u>The Dake Reservoir Dam is an earthen embankment located downstream from the</u>

12   <u>Twenty Three Mile Dam in the same watershed area of the Thousand Springs Creek as the</u>

13   <u>Twenty Three Mile Dam.</u>

14        21.   <u>On September 23, 2013, a State inspection report on the Dake Reservoir Dam</u>

15   <u>noted that the dam was listed as a significant hazard dam with respect to downstream conditions.</u>

16   <u>The overall condition of the dam was listed as "poor" due to the inability to regulate the</u>

17   <u>reservoir. The State provided this report to the Defendants.</u>

18        22.   <u>On September 6, 2016, a State inspection report on the Dake Reservoir Dam</u>

19   <u>noted that the dam was still listed as a significant hazard with respect to downstream conditions.</u>

20   <u>The condition of the dam was poor do to the inability to regulate the reservoir. The outlet</u>

21   <u>controls were inoperable. The report noted that additional precautions should be taken until the</u>

22   <u>dam is properly breached and decommissioned. These included removing vegetation from the</u>

23   <u>embankment in order to look for seepage, stability concerns, and other dam safety issues. The</u>

24   <u>report recommended a rodent abatement program and stated that dips, low spots, rutting and</u>

25   <u>erosion gullies on the dam crest must be filled in with the proper materials.</u>

26        ~~18~~23. On or about February 8, 2017, the <u>Twenty Three Mile</u> Dam failed.   In the

27   ~~days~~days preceding the failure, precipitation and snowmelt occurred in the watershed, adding

28   water to the Dam's reservoir. Records show that the precipitation did not amount to a 100 year

LAMSON, DUGAN & MURRAY, LLP<br>10306 Regency Parkway Drive<br>Omaha, Nebraska 68114 402-397-7300

flood event.  The water in the Dam did not overtop the embankment at any time, and the failure occurred before the water level in the reservoir reached the level of the emergency spillway.

19̶24.  On or before February 8, 2017, the Twenty Three Mile Dam's outlet tunnel was in the closed position. Because of this, excess water was unable to flow out of the reservoir.  The added precipitation in the reservoir created undue hydraulic pressures on the Twenty Three Mile Dam's earthen foundation.  The failure occurred at the base of the Twenty Three Mile Dam when a portion of the embankment gave way due to hydraulic pressure.

2̶0̶25.  As a result of the failure, a massive amount of water flowed down from the Twenty Three Mile Dam's reservoir and disgorged its contents downstream.

26.   The water from the Twenty Three Mile Dam failure flowed, in part, to the Dake Reservoir Dam.  On or about February 9, 2017, the Dake Reservoir Dam failed and the earthen embankment was breached.  Upon information and belief, the failure of the Twenty Three Mile Dam caused or contributed to the failure of the Dake Reservoir Dam.

27.   This-The collective failures of the Twenty Three Mile Dam and the Dake Reservoir Dam (collectively the "Dams")failure and caused a release of water caused that led to catastrophic flooding.   The water washed out a large portion of Union Pacific's railroad tracks and damaged Union Pacific property located downstream in Elko County.  It removed the Railroad's right-of-way, track bank and slope, and the physical infrastructure whichinfrastructure, which supported the tracks.  The water was so swift and powerful that it washed away the earth that elevated the tracks, leaving the tracks suspended in the air as if a bridge existed at one time underneath.  Freight train passage was impossible for a lengthy period of time due to the washout.  Union Pacific was unable to move its freight from Utah to points west, north and south in Nevada and to timely service its customers.  The flood from the the D̶Dam's' reservoirs altered the land's topography and watershed runoff, requiring the Railroad to add additional infrastructure to its rights of way in order to adequately support its tracks and to prevent additional surface water damage.

21.   At all times and pursuant to Nevada Administrative Code Section 535.240, the Dam was required, at minimum, to be able to withstand 100 year flood event and to maintain its

1   ~~integrity during such an event.   The State of Nevada warned Defendants in 2002 and 2003 that~~

2   ~~the structural integrity of the Dam could not support more than a 10-year flood event.~~

## COUNT I — NEGLIGENCE

5       ~~22~~28.   Paragraphs 1 through ~~21~~ 27 of this Complaint are incorporated as though fully set

6   forth herein.

7       ~~23~~29.   At all times material to this action, Defendants, and each of them, had a duty to

8   maintain, repair, and operate the Dams~~Dam~~ in a safe condition in accordance with statutory

9   mandates and common law.   This includes the duty to maintain, repair, and operate the

10  Dams~~Dam~~ in a safe manner to avoid damages and flooding to the property of Union Pacific, its

11  rights of way, and its tracks.

12      ~~24~~30.   Defendants, and each of them, breached their duties in one or more of the

13  following ways:

14          a)      Failing to have an adequate dam ~~Dam~~ safety program and practices in

15                  place to prevent a failure of the Dams;

16          b)      Failing to inspect the Dams ~~Dam~~ and to determine whether the Dams and

17                  all of ~~its~~ each Dams' parts were capable of operating as intended at all times;

18          c)      Failing to test the Dams' ~~Dam~~ parts to determine whether they are capable

19                  of operating as intended at all times;

20          d)      Failing to take action prior to the precipitation event to clear the stress

21                  relief outlet pipes of debris;

22          e)      Failing to take action prior to the precipitation event to open the stress

23                  relief outlet pipes;

24          f)      Failing to monitor the Dams~~Dam~~ after precipitation occurred in the

25                  watershed, and just prior to the failures, in order to determine whether the

26                  structural integrity of the Dams was~~ere~~ sufficient ~~during the precipitation~~ to

27                  prevent a failure;

28          g)      Failing to operate and open the stress relief outlet pipes after precipitation

8

LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114 402-397-7300

began in the watershed and just prior to the failures;

h)   Failing to repair the Dams' ~~Dam~~ structure and ~~its~~ their parts in order to prevent foundational seepage prior to February 8, 2017 and February 9, 2017;

i)   Failing to remove vegetation on the Dams which affected its integrity prior to February 8, 2017 and February 9, 2017;

j)   Failing to follow the safety recommendations of the Nevada Dam inspectors prior to February 8, 2017 and February 9, 2017;

k)   Failing to maintain the Dams~~Dam~~ to prevent a failure;

l)   Failing to repair the Dams~~Dam~~ to prevent a failure;

m)   Failing to operate the Dams~~Dam~~ to prevent a failure; and/or

n)   Additional acts or ~~omissions which~~ omissions, which shall become known in the future during the course of discovery.

~~25~~31.   Defendants knew or reasonably should have known that its negligent acts and omissions could foreseeably result in the Dams failing because the State of Nevada had warned the Defendants of the each Dam's~~Dam's~~ safety deficiencies, its defects, and the potential for structural instability in multiple letters and reports prior to February 8, 2017 and February 9, 2017~~February 8, 2017~~.   Had the Defendants implemented a reasonably adequate safety, inspection, repair and/or maintenance program prior to February 8, 2017 and February 9, 2017~~February 8, 2017~~, Defendants would have known, or reasonably should have known, of any such Dams'~~Dam~~ defects and the potential for structural instability in a timely manner in order to make corrections prior to February 8, 2017 and February 9, 2017. ~~February 8, 2017.~~

~~26~~32.   As a result of Defendants' negligence, Defendants caused or contributed to cause the Dams'~~Dam~~ failures and the release of water from the reservoirs on or about February 8, 2017 and February 9, 2017.

~~27~~33.   As a direct and proximate result of the Dams'~~Dam~~ failures, Union Pacific sustained actual and consequential damages in excess of Seventeen Million Dollars ($17,000,000.00).

**COUNT II:  NEGLIGENCE *PER SE***

9

28~~34~~.   Paragraphs 1 through 33~~27~~ of this Complaint are incorporated as though fully set forth herein.

29~~35~~.   Nevada Statutes and Administrative Code sections mandated that Defendants obey the following State standards:

        a)   Operate and maintain the Dam~~s~~ and works appurtenant to the Dam~~s~~ in a safe manner and in accordance with all applicable permits, laws and regulations [and] [_t]ake all necessary action allowed by law to prevent the failure of the Dam~~s~~ (Nev. Admin. Code § 535.370);

        b)   Perform at their expense any other work necessary for maintenance and ~~operation which~~operation, which will safeguard life and property (Nev. Admin. Code § 535.370);

        c)   Construct, operate and maintain the Dam~~s~~ with a drainage capacity sufficient to pass, without overtopping, an amount of water equal to the storm runoff generated by a storm whose annual chance of exceedance is 1 percent (Nev. Admin. Code   § 535.040 and § 535.240); and/or

        d)   Union Pacific may rely on additional statutes and administrative codes that may become known in the future during the course of discovery.

30~~36~~.   These statutes and codes are legislatively imposed standards of conduct obligating Defendants to act in accordance thereto.

31~~37~~.   The purpose of Nevada's statutes and codes on the construction, maintenance, and operation of dams in Nevada is to protect the health, safety, and welfare of the life and property of the Dam~~'~~s~~'~~ downstream neighbors.

32~~38~~.   Union Pacific, with track, trains, and employees located downstream from the Dam~~s~~, is part of the class of persons / entities that the Nevada legislature intended to protect with its regulations.

33~~39~~.   Defendants violated these statutes and codes in one or more of the ways set forth in paragraph~~s~~ ~~24 and 29~~1 through 33.

10

1    40~~3~~4.  As a direct and proximate result of Defendants' failure to adhere to these statutes

2    and codes, Defendants caused or contributed to cause the Dam~~s~~ to fail and caused the release of

3    water from the reservoir~~s~~ on or about February 8, 2017 and February 9, 2017.

4    3~~5~~41.  As a further result of Defendants' failure to adhere to these statutes and codes,

5    Union Pacific sustained actual and consequential damages in excess of Seventeen Million

6    Dollars ($17,000,000.00).

## DEMAND FOR PUNITIVE DAMAGES

8    3~~6~~42.  Paragraphs 1 through 3~~5~~41 of this Complaint are incorporated as though fully set

9    forth herein.

10   3~~7~~43.  Defendants' behavior, both individually and collectively, demonstrated

11   indifference and a reckless disregard to the health, safety, and welfare of the Dam~~'~~s~~'~~ downstream

12   neighbors.  Despite repeated warnings from the State of Nevada and the foreseeable and obvious

13   consequences that would occur because of their recklessness, as alleged in paragraphs 1~~2~~ through

14   ~~20~~41, Defendants chose to ignore its common law and regulatory obligations in favor of their

15   own financial well-being with reckless indifference to the rights and interests of Union Pacific.

16   3~~8~~44.  Defendants' failures were not isolated to a single instance, but instead, were

17   repeated since 1996.  Despite numerous and repeated warnings, Defendants' acted in a way that

18   not only threatened extensive property damage but threatened the safety of the  citizens of

19   Nevada and Union Pacific employees, all of whom were located downstream from the Dams.

20   3~~9~~45.  Defendants engaged in inexcusable conduct that subjected Union Pacific to

21   unjust hardship because of the Defendants' failure to properly maintain and operate the Dams.

22   40~~46~~.  Union Pacific is entitled to the maximum award of punitive damages allowed by

23   law.

## PRAYER FOR RELIEF

25   WHEREFORE, Union Pacific hereby prays for a judgment in its favor and against

26   Defendants and each of them on one or both of the causes of action set forth in the Complaint;

27   and for an award of damages totaling in excess of Seventeen Million Dollars ($17,000,000.00);

28   consequential damages; punitive damages; pre-judgment and post-judgment interest; the costs

LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114 402-397-7300

11

1  and fees incurred in prosecuting this action; and such other reasonable sums as this Court deems

2  just and equitable.

3  **DEMAND FOR JURY TRIAL**

4  Plaintiff demands a trial by jury on all issues so triable.

5  DATED this ___~~10~~th day of ~~August~~~~October~~November, 2017.

6  Respectfully submitted,

7  ~~FENNEMORE CRAIG, P.C.~~LAMSON, DUGAN

8  & MURRAY, LLP

9

10  _____
Michael G. Chapman (NV Bar #1630)

11  Steven M. Silva (NV Bar #12492)
Fennemore Craig, P.C.

12  300 E 2nd Street Suite 1510
Reno, NV 89501

13  Tel: (775) 788-2200 - Fax: (775) 786-1177
mchapman@fclaw.com

14  ssilva@fclaw.com

15  and

16  Anne Marie O'Brien (NE Bar # 18271)

17  Michael L. Storey (NE Bar #24960)

18  LAMSON, DUGAN & MURRAY, LLP

19  10306 Regency Parkway Drive
Omaha, NE 68114

20  Tel: (402) 397-7300

21  Fax: (402) 397-1767
aobrien@ldmlaw.com

22  mstorey@ldmlaw.com

23  *Attorneys for Plaintiff Union Pacific Railroad
—Company, a Delaware Corporation*

24  ~~*Application for Pro Hoc Vice to be Submitted*~~

25

26

27

28

LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114 402-397-7300

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on ~~August 10, 2017~~_____, a true and correct copy of the **PROPOSED FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND**, was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct <u>paper</u> copy of the foregoing document was delivered via U.S. Mail.

/s/ ~~Nancy   Kay   Long~~

~~An Employee of Fennemore Craig, P.C.~~

~~NLONG/13110008.5/008013.0499~~657366

LAMSON, DUGAN & MURRAY, LLP
10306 Regency Parkway Drive
Omaha, Nebraska 68114 402-397-7300

13