PARSONS BEHLE & LATIMER
Michael R. Kealy, Esq., NV Bar No. 971
Ashley C. Nikkel, Esq., NV Bar No. 12838
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Email: mkealy@parsonsbehle.com
anikkel@parsonsbehle.com

*Attorneys for Plaintiff*
*Union Pacific Railroad Company*



FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 15 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>WINECUP GAMBLE, INC., a Nevada corporation; and PAUL FIREMAN, an individual,<br><br>Defendants. | Case No. 3:17-cv-00477-LRH-CBC<br><br>**STIPULATION AND ORDER FOR EXTENSION OF DISCOVERY DEADLINES**<br>**(THIRD REQUEST)** |

This is the third stipulation for an extension of time the final discovery deadline. This stipulation is made prior to the expiration of discovery deadline, which is currently set for December 10, 2018.

The parties to this litigation, pursuant to LR IA 6-1 and LR 26-4, hereby agree and stipulate to the following:

1. The parties' original discovery plan, outlined in the Joint Case Management Conference Report [ECF No. 28], dated November 2, 2017, set a discovery cut-off of June 11, 2018.

PARSONS
BEHLE &
LATIMER

14330.011\4829-6058-3802v1

1

2.      On February 20, 2018, the parties requested an extension of the discovery cutoff following a change in legal counsel by Plaintiff, and due in part to Plaintiff's challenges in gathering its documents that were responsive to Defendant's discovery requests, and also due to the need for complicated expert involvement in the case [ECF No. 49]. The parties then requested the new discovery cutoff to be September 18, 2018. *Id.* The Court granted the request. [ECF No. 50].

3.      The Court held a case management conference on June 4, 2018, concerning the status of discovery [ECF No. 62]. At the conference, the parties agreed an extension of the discovery cutoff was warranted, and the Court set the new discovery deadline as December 10, 2018, with initial expert disclosures due October 10, 2018. In the interim, lead counsel for Plaintiff was sidelined for a period of time due to unavoidable hip replacement surgery. The directives following this surgery included a directive to refrain from air travel and long-distance vehicle travel for a period of 90 days following the surgery date (September 5, 2018).

4.      The Defendants filed a motion to stay this litigation on July 15, 2018 [ECF No. 67], after Defendants filed a separate action in state district court (Elko County) regarding the same events. Due to the pendency of a hearing on a motion filed by Defendants to stay the litigation, a hearing on which occurred on October 9, 2018, and the needs of the experts, the parties agreed informally to extend the deadline for disclosure of initial expert witnesses for a period of five (5) calendar days. During the hearing, Plaintiff's counsel verbally informed the Court that the parties had agreed to extend the initial expert disclosure deadline to Monday, October 15, 2018.

5.      On October 15, 2018, the parties simultaneously disclosed initial expert witnesses. Plaintiff disclosed three experts with reports, and five experts that are not required to submit reports. Defendants disclosed two experts with reports.

6.      By an Order dated November 2, 2018 (ECF No. 80], approving the stipulation of the parties ([ECF No. 79], the deadline for rebuttal experts has been extended until November 19, 2018, 34 days after the date of the actual initial expert exchange in this matter [ECF No. 79]. The Court approved this stipulation on November 2, 2018 [ECF No. 80].

7. The deposition of Winecup's 30(b)(6) representative is scheduled for Thursday, November 16, 2018, in Salt Lake City, Utah.

8. Winecup has noticed the deposition of Plaintiff's 30(b)(6) deposition. Due to the nature of the topics contained in the notice, multiple persons will be designated, and counsel are cooperating to determine and coordinate dates and locations where and when the representatives will be available, being mindful of the convenience and expense. Currently, Plaintiff anticipates no fewer than 4 individuals, not all of whom reside in the same state but all of whom reside outside Nevada, will be testifying on behalf of Plaintiff pursuant to the 30(b)(6) designations. It is the possible that additional individuals will be so testifying, contingent upon current negotiations as to the scope of some subjects, and whether documentation will be accepted as a substitute for witnesses on some subjects. The 30(b)(6) deposition(s) will require multiple days.

9. Due to the complex hydrological, meteorological, and geotechnical nature of this case, expert testimony is essential to the claims and defenses of the parties. Depositions of Plaintiff's eight report and non-report experts are currently scheduled for November 27-30, 2018, and December 3-6, 2018. Due to schedules and availability, Plaintiff is currently coordinating with Winecup to develop alternative dates for the depositions in Omaha and Salt Lake City. Also, depositions are currently being noticed for Winecup's two experts, and for percipient witnesses disclosed by Winecup, for the dates of December 7-10. The scheduling and available time for over a dozen depositions in various cities over 12 consecutive work days, particularly given the intervening holiday, is unrealistic and presents a significant burden on counsel for the parties. To alleviate that burden and account for the deponents' schedules, and to facilitate the completion of the discovery needed, the parties request extension of the discovery cutoff.

10. Most of Plaintiff's non-report experts will also be designees for certain 30(b)(6) topics, and the parties are considering the potential for consolidating the expert and 30(b)(6) depositions of those individuals into a single sitting, if possible.

11. Plaintiff has noticed depositions for witnesses located in Elko County, for the dates just prior to the expiration of the current discovery deadline and will need to account for those individuals' unique scheduling arrangements as well.

12. The parties have conducted significant written discovery consisting of interrogatories, requests for production of documents, and requests for admission. Plaintiff has produced over eight thousand documents, and Defendants has produced over two thousand documents, photos, and videos.

13. The parties have also issued subpoenas to third parties who may have additional relevant documents, including but not limited to the Nevada Department of Transportation and Nevada Division of Water Resources.

14. Plaintiff has recently filed a request to amend its complaint to include additional causes of action arising out of the damage to its property, including nuisance and trespass, and the Parties may need to conduct additional discovery on those claims.

15. Depending on the outcome of the report and non-report expert depositions, the parties anticipate the potential need to conduct additional written discovery to seek items referred to or relied upon by the witness, but not yet disclosed.

16. Unexpectedly, another one of Plaintiff's attorneys is scheduled for surgery on November 16, 2018 and will be unable to travel until after November 30, 2018.

17. The parties have been working diligently and cooperatively toward accomplishing the discovery needed in this matter, the logistics of which are not simple. To date, the parties have been able to amicably resolve differences regarding discovery requests. Plaintiff is asserting claims for damages of nearly Twenty Million Dollars, and therefore significant discovery is considered necessary by each party.

18. The parties have very recently discussed the possibility of a mediation, and or discussions regarding settlement, options which are presently contingent upon some parameters. An extension of the discovery deadlines will facilitate these potential options, and potentially result in significant savings of attorney fees, costs and judicial resources.

19. The parties are requesting a ninety-day extension of the discovery cut-off date due to the holiday season presenting additional scheduling challenges. The new proposed discovery cut-off date would be **Monday, March 10, 2019** (ninety days from December 10, 2018 falls on a Sunday). No additional changes would be made to the expert deadlines.

20. The timing, quantity, and nature of the expert testimony in this case, the scheduling challenges, and the logistical challenges posed by varying locations of witnesses, coupled with the holiday season establish good cause to extend the discovery deadline.

DATED this 13th day of November, 2018.

Respectfully submitted,

PARSONS BEHLE & LATIMER

/s/ Michael R. Kealy
Michael R. Kealy, Bar No. 971
Ashley C. Nikkel, Bar No. 12838
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Email: mkealy@parsonsbehle.com
anikkel@parsonsbehle.com

*Attorneys for Plaintiff*
*Union Pacific Railroad Company*

Respectfully submitted,

SNELL & WILMER, L.L.

/s/ Michael R. Menssen
*With permission of counsel*
William E. Peterson, Bar No. 1525
Ryan Stodtmeister, Bar No. 14281
50 W. Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: (775) 785-5440
Email: wpeterson@swlaw.com
rstodtmeister@swlaw.com

- and -

David J. Jordan, (Admitted Pro Hac Vice)
Michael R. Menssen, (Admitted Pro Hac Vice)
Stoel Rives, LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Email: david.jordan@stoel.com
michael.menssen@stoel.com

*Attorneys for Defendants*
*Winecup Gamble, Inc. and Paul Fireman*

IT IS SO ORDERED.

DATED: 11/15/2018

UNITED STATES MAGISTRATE JUDGE