PARSONS BEHLE & LATIMER
Michael R. Kealy, Esq., NV Bar No. 971
Ashley C. Nikkel, Esq., NV Bar No. 12838
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Email: mkealy@parsonsbehle.com
anikkel@parsonsbehle.com

SHOOK HARDY & BACON LLP
Gary M. Elden (Admitted Pro Hac Vice)
Riley C. Mendoza (Admitted Pro Hac Vice)
Kathleen M. Ryan (Admitted Pro Hac Vice)
111 S. Wacker Drive, Suite 4700
Chicago Illinois 60606
Telephone: (312) 704-7700
Email: gelden@shb.com
rmendoza@shb.com
kxryan@shb.com

*Attorneys for Plaintiff*
*Union Pacific Railroad Company*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>WINECUP GAMBLE, INC., a Nevada corporation,<br><br>Defendant. | Case No. 3:17-cv-00477-LRH-CLB<br><br>UNION PACIFIC'S TWENTIETH MOTION IN LIMINE TO PERMIT UNION PACIFIC WITNESSES TO TESTIFY BY VIDEO |

PARSONS
BEHLE &
LATIMER

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................... 1

I.    FEDERAL RULES PERMIT VIDEO TESTIMONY FOR GOOD CAUSE AND WITH APPROPRIATE SAFEGUARDS. ............................................................................ 1

II.   THE HEALTH AND SAFETY OF WITNESSES, COURT PERSONEL, AND OTHERS CONSTITUTES GOOD CAUSE. ..................................................................... 2

III.  APPROPRIATE SAFEGUARDS CAN BE ESTABLISHED. ............................................ 3

CONCLUSION ................................................................................................................................ 4

PARSONS
BEHLE &
LATIMER

# INTRODUCTION[1]

Union Pacific has twenty-three witnesses on its trial witness list. (*See* ECF # 108). Given the COVID-19 global pandemic, Union Pacific requests leave for all its witnesses to testify at trial by videoconference if the witness would have to travel to trial by plane or for more than three hours by car.

Federal Rule of Civil Procedure 43(a) allows for video testimony where there is good cause and appropriate safeguards. Here, the COVID-19 global pandemic constitutes good cause and, with modern video technology, appropriate safeguards can easily be instituted. Video testimony will protect the health and safety of witnesses and others and will not undermine juror comprehension.

# ARGUMENT

## I. FEDERAL RULES PERMIT VIDEO TESTIMONY FOR GOOD CAUSE AND WITH APPROPRIATE SAFEGUARDS.

Federal Rule of Civil Procedure 43(a) permits provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The decision to require testimony by videoconference falls within the Court's discretion. *See Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) ("[U]nder Rule 43(a), the judge has discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.' "), *cert. denied*, ––– S. Ct. –––, 140 S.Ct. 533, 205 L.Ed.2d 334 (2019). Moreover, the Court's discretion on this question is supplemented by its "wide latitude in determining the manner in which evidence is to be presented" under the Federal Rules of Evidence. *Parkhurst v. Belt*, 567 F.3d 995, 1002 (8th Cir. 2009) (citing Fed. R. Evid. 611(a)).

---

[1] As in prior briefs, the parties will be called Union Pacific and Winecup.

"The most persuasive showing of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43(a) advisory committee's notes (1996 amendment).  The use of "[c]ontemporaneous transmission may be better than an attempt to reschedule the trial[.]" *Id*.

"Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness." Fed. R. Civ. P. 43(a) advisory committee's notes (1996 amendment). "Accurate transmission likewise must be assured." *Id.* Advance notice should also be given to all parties when possible to give other parties the opportunity to argue for witness attendance at trial and to ensure "an opportunity to depose the witness, perhaps by video record, as a means of supplementing transmitted testimony." *Id.*

## II. THE HEALTH AND SAFETY OF WITNESSES, COURT PERSONEL, AND OTHERS CONSTITUTES GOOD CAUSE.

At least two federal district courts have found that the COVID-19 pandemic constitutes good cause to allow video testimony. *See Vasquez v. City of Idaho Falls*, No. 4:16-CV-00184-DCN, 2020 WL 1860394, at *8 (D. Idaho Apr. 13, 2020); *In re RFC & ResCap Liquidating Tr. Action*, No. 013CV3451SRNHB, 2020 WL 1280931, at *4 (D. Minn. Mar. 13, 2020) ("The use of videoconference technology in this case balances the witnesses' valid concerns about safety with the need for expeditious trial proceedings."). As one court explained, "the occurrence of COVID-19—and its impact on the health and safety of the parties and witnesses—is undoubt[ed]ly an 'unexpected' occurrence that nevertheless still permits witnesses 'to testify from a different place.'" *In re RFC & ResCap*, at *3 (citing Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). That court also noted that compelling circumstances existed given that witnesses had to travel from out of state to testify. *Id.* at *4.

Similarly, here, because of the continued risk of COVID-19 exposure, it will protect witnesses, court personnel, and the parties to minimize the number of individuals who appear at trial in person. If Union Pacific's witnesses appear by video, fewer people will need to enter the court building and pass through security lines, hallways, elevators, waiting areas, and the courtroom.

There is an added risk to all witnesses given that they will have to occupy the same witness chair and waiting areas, use the same microphone, and handle the same exhibit copies as other witnesses. Many of Union Pacific's witnesses will only be testifying for a short time (one hour or less) so several may testify per day. This will result in constant work to decontaminate the witness chair and waiting areas, which may be impossible to do entirely.

There are additional compelling circumstances here given that nearly all of Union Pacific's witnesses will have to travel far distances to attend trial. Many witnesses will be flying from smaller airports (primarily Omaha, Nebraska where Union Pacific is headquartered) and will need to make connecting flights, requiring long exposures in two airports each way for what might be only an hour or so of testimony. Many of Union Pacific's witnesses are also in high risk groups. Two of its three expert witnesses are 65 or older (and all require connecting flights to travel to Reno) and most of its fact witnesses are over the age of 50.

Allowing video testimony will also minimize the number of individuals in the courthouse because it would allow expert witnesses to listen via videoconference rather than attending all of the trial.

### III. APPROPRIATE SAFEGUARDS CAN BE ESTABLISHED.

Safeguards can easily be established to ensure accurate identification of witnesses and protection from influences. Fed. R. Civ. P. 43(a) advisory committee's notes (1996 amendment).

PARSONS
BEHLE &
LATIMER

3

The witnesses will be under oath and other fact witnesses will be excluded from the video feed. The feeds can be transmitted accurately and securely using readily available technology. *See id.*

Live video will not undermine comprehension, and would be preferable to watching a videotaped deposition or reading a deposition transcript at trial. As one district court recently explained, "the near-instantaneous transmission of video testimony through current technology permits 'the jury … to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, [and] his calmness or consideration[.]" *In re RFC & ResCap*, at *2 (citing *In re Vioxx Prods. Litig.*, 439 F. Supp. 2d 640, 644 (E.D. La. 2006). "Given the speed and clarity of modern videoconference technology, where good cause and compelling circumstances are shown, such testimony 'satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony.'" *Id.*

Video testimony may aid juror comprehension. Jurors can each have a book of exhibits in advance and so can readily follow along. In addition, overhead or electronic displays of exhibits can be used, just as in live testimony. If jurors, the Judge, court reporter, and lawyers practice social distancing, live witnesses will have to be heard from longer than usual distances, and with masks on, anyway. With video testimony, video monitors can be placed in multiple locations and audio amplified as needed to make comprehension easier. Jurors will be able to see the faces of witnesses on video closer than they would see witnesses' faces live. The jurors will also be able to view the witnesses' faces and hear their voices more clearly without masks. Video testimony will also aid comprehension because witnesses and jurors will not be distracted by avoiding contagion during testimony.

**CONCLUSION**

For the reasons above, Union Pacific respectfully requests that the Court permit all Union Pacific's witnesses to testify at trial by video conference.

Union Pacific has no objection to Winecup witnesses testifying live or by videotape. Union Pacific will work with Winecup and court personnel to establish appropriate safeguards and all technological details.

Date: June 2, 2020

Respectfully submitted,

UNION PACIFIC RAILROAD COMPANY

 /s/ Riley C. Mendoza
SHOOK HARDY & BACON LLP
Gary M. Elden (Admitted Pro Hac Vice)
Riley C. Mendoza (Admitted Pro Hac Vice)
Kathleen M. Ryan (Admitted Pro Hac Vice)
111 S. Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
Email: gelden@shb.com
rmendoza@shb.com
kxryan@shb.com

PARSONS BEHLE & LATIMER
Michael R. Kealy, Esq., NV Bar No. 971
Ashley C. Nikkel, Esq., NV Bar No. 12838
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Email: mkealy@parsonsbehle.com
anikkel@parsonsbehle.com

*Attorneys for Plaintiff*
*Union Pacific Railroad Company*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br>v.<br>WINECUP GAMBLE, INC., a Nevada corporation,<br><br>　　　　　　　Defendant. | Case No. 3:17-cv-00477-LRH-CBC<br><br>UNION PACIFIC RAILROAD COMPANY'S MEET-AND-CONFER CERTIFICATION |

Pursuant to District of Nevada LR II 16-3(a), Plaintiff Union Pacific Railroad Company ("Union Pacific") hereby certifies that on June 1, 2020, its counsel conferred with counsel for Defendant Winecup Gamble, Inc. ("Defendant") in good faith. Defendant intends to oppose this motion.

Date:   June 2, 2020                                  Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　BY:    /s/ Riley C. Mendoza

　　　　　　　　　　　　　　　　　　　　　SHOOK HARDY & BACON LLP
　　　　　　　　　　　　　　　　　　　　　Gary M. Elden (Admitted Pro Hac Vice)
　　　　　　　　　　　　　　　　　　　　　Riley C. Mendoza (Admitted Pro Hac Vice)
　　　　　　　　　　　　　　　　　　　　　Kathleen M. Ryan (Admitted Pro Hac Vice)
　　　　　　　　　　　　　　　　　　　　　111 S. Wacker Drive, Suite 4700
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 704-7700
　　　　　　　　　　　　　　　　　　　　　Email: gelden@shb.com
　　　　　　　　　　　　　　　　　　　　　rmendoza@shb.com
　　　　　　　　　　　　　　　　　　　　　kxryan@shb.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　*Union Pacific Railroad Company*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the law firm of Shook, Hardy & Bacon, LLP, and that on June 2, 2020, I filed a true and correct copy of the foregoing document with the Clerk through the Court's CM/ECF System, which sent electronic notification to all registered users addressed as follows.

David J. Jordan, Esq.
Michael R. Menssen, Esq.
Stoel Rives, LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Email: david.jordan@stoel.com
michael.menssen@stoel.com

William E. Peterson
Wayne Klomp
Janine C. Prupas
Snell & Wilmer, LLP
50 West Liberty Street, Suite 510
Reno, NV 89501

*Attorneys for Defendant Winecup Gamble, Inc.*

Date: June 2, 2020                                  */s/ Natalie A. Funk*
                                                    Employee of Shook, Hardy & Bacon LLP