William E. Peterson (1528)
wpeterson@swlaw.com
Janine C. Prupas (9156)
jprupas@swlaw.com
Wayne Klomp (10109)
wklomp@swlaw.com
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, NV 89501
Telephone: (775) 785-5440
Facsimile: (775) 785-5441

David J. Jordan (Utah Bar No. 1751)
david.jordan@stoel.com
Michael R. Menssen (Utah Bar No. 15424)
michael.menssen@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

*Attorneys for Defendant*
*Winecup Gamble, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WINECUP GAMBLE, INC., a Nevada Corporation,<br><br>Defendant. | Case No. 3:17-cv-00477-LRH-CLB<br><br>**WINECUP GAMBLE'S OPPOSITION TO UNION PACIFIC'S NINETEENTH MOTION IN LIMINE TO PRECLUDE USE OF EXPERTS DISCLOSED BY WINECUP ON MAY 13, 2020** |

Winecup Gamble hereby submits its opposition to Union Pacific's Nineteenth Motion in Limine to preclude use of experts disclosed by Winecup on May 13, 2020, ECF No. 175 (the "Motion").

I.   **INTRODUCTION**

Union Pacific is making a second attempt to prevent Luke Opperman from using his background as a professional engineer when testifying at trial. Mr. Opperman is a key neutral witness in this case. He was the state staff engineer from the Nevada Division of Water Resources ("DWR") who last inspected the 23-Mile Dam and who conducted the post-flood investigation into the failure of that dam. Despite his neutral role, Union Pacific previously sought to prevent Mr. Opperman from offering his expert opinion at trial because he did not create an expert report. *See* UP's Eleventh Motion in Limine, ECF No. 128. But as Winecup explained in its opposition to that motion, Mr. Opperman was not required to disclose an expert report because he is a third-party witness who was not employed or retained by Winecup to provide expert testimony in this case. *See* ECF No. 165. Recognizing that the prior motion lacked merit, Union Pacific is trying again.[1]

Union Pacific now argues that Mr. Opperman was not timely identified under Rule 26(a)(2)(C). That rule sets forth the disclosure requirements for an expert witness who is not required to provide a written report. Union Pacific's argument rests entirely on a hyper technical interpretation of Rule 26. Union Pacific cannot claim that it did not receive a disclosure of Mr. Opperman's expert opinions. Union Pacific deposed Mr. Opperman and discovered his opinions at that time. Indeed, Union Pacific lists examples of Mr. Opperman's expert opinions in both of its motions in limine on the topic. *See* ECF No. 128 at 2–3; ECF No. 175 at 4–5. In addition, both Winecup and Union Pacific listed him and the other DWR witnesses as witnesses in their initial disclosures and in the pre-trial order. *See* ECF No. 108; ECF No. 165-5; ECF

---

[1] Union Pacific now concedes that the Rule 26 requirements argued in its Eleventh motion do not apply to Mr. Opperman since Winecup stated in its opposition that it has not retained Mr. Opperman. Motion at 2. But Union Pacific already knew that Winecup did not retain Mr. Opperman from his deposition. *See* Opperman Depo. at 96:20-23 ("Q: [A]re you a consultant or have you been retained in any manner by Winecup Gamble or its attorneys? A: No, I have not.").

1  No. 188-1. Finally, Winecup provided a supplemental expert disclosure 90 days before trial that
2  explicitly referenced Rule 26(a)(2)(C) and listed Mr. Opperman and the other two DWR
3  engineers who participating in the inspections as expert witnesses. *See* ECF No. 175-1. These
4  witnesses and their opinions were adequately disclosed to Union Pacific.

5  Moreover, there is no dispute that the DWR witnesses can testify about their personal
6  knowledge as percipient witnesses and can offer lay opinion testimony that is rationally based on
7  their perceptions. And Winecup does not intend to seek expert opinions from the DWR witnesses
8  on matters about which they do not have firsthand knowledge. As courts have recognized, when
9  an expert possesses specialized knowledge, the line between lay testimony and expert testimony
10 is fuzzy at best. *See United States v. Lua*, 357 F. App'x 781, 782 (9th Cir. 2009) ("the line
11 between expert and lay testimony is a fine one, particularly where the witness is qualified to
12 testify both as an expert and as a lay witness"). Union Pacific is effectively asking the Court to
13 prevent Mr. Opperman and the other DWR witnesses from using their engineering expertise to
14 provide helpful opinion testimony. The grounds for that request is solely that those opinions were
15 not adequately disclosed. But as the Motion itself demonstrates, those opinions have been
16 disclosed and Union Pacific is fully aware of them. The DWR witnesses should be permitted to
17 offer opinion testimony about matters they personally perceived utilizing their engineering
18 background.

19 Finally, Union Pacific cannot show any prejudice under Rule 37 and any claimed
20 disclosure deficiency is harmless. Union Pacific took the deposition of Mr. Opperman (and the
21 other DWR engineers), eliminating any claim of surprise or prejudice. Winecup disclosed them as
22 expert witnesses 90 days before trial. Moreover, the DWR engineers are all third-party witnesses
23 and Union Pacific has just as much knowledge about their opinions as does Winecup. Winecup
24 has nothing to disclose beyond what it learned itself in the depositions. Union Pacific's Motion
25 should be denied.

## II.   FACTUAL BACKGROUND

Luke Opperman, Edward Quaglieri, and April Holt all worked for the DWR during the relevant parts of 2016 and 2017.[2] Mr. Opperman and Ms. Holt inspected the 23-Mile Dam and Dake Dam on July 27, 2016, just six months before the flood. *See* Inspection Reports, ECF No. 165-1, ECF No. 165-2. Following the flood, Mr. Opperman and Mr. Quaglieri investigated the failure of the 23-Mile Dam and conducted a field inspection of both the 23-Mile Dam and the Dake Dam. *See* Post Failure Inspection of Twenty-One Mile Dam, ECF No. 165-3.

The 30(b)(6) deposition of the DWR took place on April 18, 2018. The DWR designated April Holt and Edward Quaglieri as its witnesses and both were deposed by Union Pacific and Winecup. Luke Opperman no longer worked at the Division at that time. He was later deposed on April 8, 2019 by both Union Pacific and Winecup.

On March 31, 2020, Union Pacific filed its Eleventh motion in limine to exclude expert opinions of Luke Opperman. After receiving the motion, Winecup, out of an excess of caution, served a supplemental expert disclosure on May 13, 2020 identifying Luke Opperman, Edward Quaglieri, and April Holt as expert witnesses under Rule 26(a)(2)(C) to ensure that they could offer opinion testimony about matters they personally perceived that utilizes their engineering background. *See* ECF No. 175-1.

## III.   ARGUMENT

### A   The Supplemental Disclosure Was Timely and Sufficient.

Union Pacific has received full disclosure of all expert opinions held by Luke Opperman and the other DWR witnesses. Rule 26(a)(2)(C) requires the disclosure for an expert who is not required to provide a written report to contain (i) "the subject matter on which the witness is expected to present evidence . . ." and (ii) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. Rule 26(a)(2)(C). Both of those requirements were fully satisfied by the information disclosed in each of the DWR witnesses' depositions. In addition, Winecup provided a supplemental expert disclosure on May 13, 2020—90 days before

---

[2] Luke Opperman and Edward Quaglieri are licensed civil engineers, and April Holt has a degree in Environmental Engineering.

1  the date set for trial—that explicitly identified each of the DWR witnesses as individuals who
2  Winecup may use at trial to present expert testimony, identified the subject matter on which each
3  witness was expected to testify, and incorporated the deposition testimony for each witness. *See*
4  ECF No. 175-1.[3] That disclosure satisfied the requirements of Rule 26(a)(2)(C).[4]

5       Moreover, the DWR witnesses are all percipient witnesses who can testify based on
6  personal knowledge. As such, all can also offer testimony in the form of a lay opinion that is
7  rationally based on their own perceptions. *See* Fed. R. Evid. 701. The DWR witnesses all have
8  engineering backgrounds and have specialized knowledge to allow them to testify as an expert.
9  That testimony should be allowed. The DWR witnesses should be able to rely on their
10  engineering background when explaining the opinions they derived from their own personal
11  perceptions. The disclosures Union Pacific received are sufficient for that scope.

12       **B**    **Union Pacific Is Not Harmed by Expert Testimony from the DWR Witnesses.**

13       In addition, Union Pacific is not prejudiced by any expert testimony offered by the DWR
14  witnesses. As such, Rule 37 of the Civil Rules of Civil Procedure does not warrant that their
15  testimony be excluded. Under Rule 37, a party may use information at trial that was not identified
16  under Rule 26 if that failure was "harmless." Fed. R. Civ. P. 37(c)(1). Courts recognize that "the
17  harsh sanction of excluding an improperly disclosed witness is generally limited to extreme
18  situations because courts universally recognize a strong preference toward deciding cases on their
19  merits." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, No. 2:16-CV-00810-
20  KJD-NJK, 2019 WL 8405356, at *2 (D. Nev. Nov. 5, 2019); *see also Silvagni v. Wal-Mart*

---

[3] As each of the DWR witnesses are third-party, neutral witnesses, Winecup has the same information about those witnesses' potential testimony as does Union Pacific and thus cannot disclose any information beyond what Union Pacific already knows.

[4] Union Pacific argues that the supplemental expert disclosure was not timely, claiming that the scheduling order set October 15, 2018 as the date for initial expert disclosures. Motion at 2. But it was not possible for Winecup to disclose Luke Opperman as an expert witness at that time. Discovery had not closed and Mr. Opperman's deposition had not occurred. Moreover, Mr. Opperman is a third-party witness. Winecup did not know whether his testimony might contain expert testimony. Under those circumstances where the failure to disclose by the scheduling order was substantially justified, a supplemental expert disclosure served at least 90 days before the date set for trial is timely, as 90 days is the deadline set in Rule 26(1)(2)(D) when no scheduling order applies.

*Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017) ("In practice, exclusion sanctions are generally limited to 'extreme situations.'").

Courts rely on the following factors in determining whether a violation is substantially justified or harmless: "(1) prejudice or surprise to the party against who the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Olaya v. Wal-Mart Stores, Inc.*, No. 2:11-CV-997-KJD-CWH, 2012 WL 3262875, at *3 (D. Nev. Aug. 7, 2012). Here, those factors show that any failure under Rule 26 to disclose the DWR witnesses' expert opinions would be harmless. Union Pacific cannot claim surprise or prejudice, as it deposed all three witnesses and has as much information about these witnesses' opinions as Winecup. Indeed, the very fact that Union Pacific filed this Motion demonstrates that it is aware of the DWR Witnesses' expert opinions. Likewise, there is no likelihood of a disruption of the trial and there is no assertion of bad faith. The only claim of prejudice made by Union Pacific is the assertion that if the DWR witnesses had been previously disclosed, they would have been the subject of motions in limine. Motion at 7. That claim fails for two reasons. First, Union Pacific has already filed two motions in limine on this topic. Second, Winecup's supplemental disclosure was made 90 days before trial and the deadline for motions in limine is 30 days before trial. *See* L.R. 16-3. There is no prejudice.[5]

Courts have refused to exclude witnesses in analogous situations. *In Sturm v. Davlyn Invest., Inc.*, No. CV 12-7305-DMG, 2013 WL 8604661 (C.D. Cal. Nov. 6, 2013), the defendants moved to exclude non-retained expert testimony because the plaintiffs failed to disclose them as expert witnesses. *Id.* at *7–8. The court recognized that although the witnesses were not disclosed as experts, they were included in a joint witness list and the defendants had the opportunity to depose them (although they chose not to). *Id.* The court held that the failure to include the non-

---

[5] In addition, Union Pacific has opened the door for some of Mr. Opperman's opinions through its expert, Daryoush Razavian, who referenced documents created by Mr. Opperman in his expert report. *See, e.g.,* Razavian Report, ECF No. 141-4 at 10, 13 (citing documents produced by the DWR created by Mr. Opperman). Mr. Opperman should be permitted to explain those documents to determine whether Mr. Razavian interpreted them correctly when forming his expert opinion.

retained experts in the disclosure was harmless. *Id.* Likewise, in *Gecker as Tr. for Collins v. Menard, Inc.*, No. 16 C 50153, 2019 WL 4166859 (N.D. Ill. Sept. 3, 2019), the plaintiff served an untimely expert disclosure for a treating physician who had already been deposed. *Id.* at *1. The court refused to preclude the physician from testifying, noting that the defendant arguably learned more information through the deposition than it would have received in a typical Rule 26(a)(2)(C) disclosure about the basis and scope of the expert opinion. *Id.; see also Hoffman v. County of Los Angeles*, No. CV 15-3724-FMO, 2017 WL 3476772, at *3 (C.D. Cal. Feb. 18, 2017) (ruling that nondisclosure was harmless when the opposing party took the non-retained expert witness's deposition and there was no indication that the opposing party was "unable to adequately probe the subject matter of [the witness's] expected testimony or prepare for trial").

Likewise, the circumstances in this case demonstrate that the Union Pacific suffered no harm from the method by which the DWR witnesses' expert testimonies were disclosed. Their expert testimony should not be excluded.

**IV.    CONCLUSION**

For the reasons set forth above, Union Pacific's Nineteenth Motion in Limine should be denied.

DATED: June 19, 2020

/s/ *David J. Jordan*
David J. Jordan (Utah Bar No. 1751)
Michael R. Menssen (Utah Bar No. 15424)
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111

William E. Peterson (Bar No. 1528)
Janine C. Prupas (Bar No. 9156)
Wayne Klomp (Bar No. 10109)
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, NV 89501

*Attorneys for Defendant
Winecup Gamble, Inc.*

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I served a true and correct copy of the foregoing **WINECUP GAMBLE'S OPPOSITION TO UNION PACIFIC'S NINETEENTH MOTION IN LIMINE TO PRECLUDE USE OF EXPERTS DISCLOSED BY WINECUP ON MAY 13, 2020** via CM/ECF electronic filing on the following:

Michael R. Kealy
mkealy@parsonsbehle.com
Ashley C. Nikkel
anikkel@parsonsbehle.com
PARSONS BEHLE & LATIMER
50 W. Liberty Street, Suite 750
Reno, NV 89501

Gary M. Elden
Gelden@shb.com
Riley C. Mendoza
mendoza@shb.com
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606

*Attorneys for Plaintiff Union Pacific Company*

DATED: June 19, 2020.

/s/ Rose Gledhill