William E. Peterson (1528)
wpeterson@swlaw.com
Janine C. Prupas (9156)
jprupas@swlaw.com
Wayne Klomp (10109)
wklomp@swlaw.com
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, NV 89501
Telephone: (775) 785-5440
Facsimile: (775) 785-5441

David J. Jordan (Utah Bar No. 1751)
david.jordan@stoel.com
Michael R. Menssen (Utah Bar No. 15424)
michael.menssen@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

*Attorneys for Defendant*
*Winecup Gamble, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WINECUP GAMBLE, INC., a Nevada Corporation,<br><br>Defendant. | Case No. 3:17-cv-00477-LRH-CLB<br><br>**WINECUP GAMBLE'S OPPOSITION TO UNION PACIFIC'S TWENTIETH MOTION IN LIMINE TO PERMIT UNION PACIFIC WITNESSES TO TESTIFY BY VIDEO** |

Case No. 3:17-CV-00477-LRH-VPC

106987629.2 0065303-00001

1  Winecup Gamble hereby submits its opposition to Union Pacific's Twentieth Motion in

2  Limine to Permit Union Pacific Witnesses to Testify by Video (the "Motion").

3  **I.     INTRODUCTION**

4  Union Pacific is seeking leave for all of its witnesses to testify by videoconference.[1] That

5  is an extraordinary request. If such relief is needed due to the COVID-19 pandemic, that simply

6  highlights that a jury trial is not yet practicable under the current circumstances. Union Pacific is

7  seeking more than $20 million in damages from Winecup. Allowing Union Pacific to have its

8  witnesses testify remotely at trial would not be fair to Winecup. Winecup is entitled to cross-

9  examine Union Pacific's witnesses in live court in front of the jury. Winecup is not aware of any

10  jury trial that has proceeded with such heavy reliance on video testimony. There is no need to

11  take such an unprecedented action in this case. This is not a trial suitable for experimentation.

12  **II.    ARGUMENT**

13  **A.     Good Cause Does Not Exist to Conduct a Jury Trial Largely by Video Testimony.**

14

15  The Ninth Circuit recognizes a "strong preference for oral testimony in open court."

*Obrey v. England*, 215 F. App'x 621, 624 (9th Cir. 2006). "This is because it allows for the fact-

16

17  finder to see the live witness along with his hesitation, his doubts, his variations of language, his

confidence or precipitancy, his calmness or consideration." *In re DePuy Orthopaedics, Inc.*

18

19  *Pinnacle Hip Implant Prod. Liab. Litig*., No. 3:11-MD-2244-K, 2016 WL 9776572, at *2 (N.D.

Tex. Sept. 20, 2016) (stating that "live, in-court testimony is the preferred manner of presenting a

20

21  case to a jury."). Indeed, "virtual reality is rarely a substitute for actual presence and even in an

age of advancing technology, watching an event on the screen remains less than the complete

22

23  equivalent of actually attending it. The immediacy of a living person is lost with video

technology." *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005) (citations and alterations

24

25  omitted).

26

---

27  [1] Union Pacific's Motion seeks to allow testimony via videoconferencing for all its witnesses "if the witness would have to travel to trial by plane or for more than three hours by car." Motion
28  at 1. Winecup believes all of Union Pacific's own witnesses fall within that description.

1    The strong preference for live testimony in open court is reflected in Rule 43(a) of the

2    Federal Rules of Civil Procedure, which states:

3          At trial, the witnesses' testimony **must** be taken in open court
           unless a federal statute, the Federal Rules of Evidence, these rules,
4          or other rules adopted by the Supreme Court provide otherwise. For
           good cause in compelling circumstances and with appropriate
5          safeguards, the court **may** permit testimony in open court by
           contemporaneous transmission from a different location.
6
     Fed. R. Civ. P. 43(a) (emphasis added).
7
          The advisory notes to Rule 43 emphasize that "the importance of presenting live
8
     testimony in court cannot be forgotten. The very ceremony of trial and the presence of the
9
     factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a
10
     witness face-to-face is accorded great value in our tradition." Advisory Committee Note, Fed. R.
11
     Civ. P. 43 (emphases added). This court has likewise held that "video transmission will deprive
12
     jurors of the ability to make face-to-face determinations about [a witness's] testimony, demeanor,
13
     mannerisms, and reactions to certain questions," which "aspect of live, in person testimony is a
14
     stalwart of trial testimony." *Niemeyer v. Ford Motor Co.*, No. 2:09-CV-2091 JCM PAL, 2012
15
     WL 5199145, at *3 (D. Nev. Oct. 18, 2012).
16
          When good cause and compelling circumstances to allow remote testimony are found, it is
17
     generally for one or two witnesses, not twenty. For example, in *In re RFC & ResCap Liquidating*
18
     *Tr. Action*, No. 013CV3451SRNHB, 2020 WL 1280931, at *2 (D. Minn. Mar. 13, 2020), an
19
     opinion cited by Union Pacific, the court cited the COVID-19 pandemic to grant a Rule 43(a)
20
     motion to allow two witnesses to testify remotely. Notably, however, the court made that decision
21
     near the beginning of the outbreak in the United States (in March) and towards the end of a trial
22
     that had already lasted a month and a half. *Id.* at *4. The court had to determine whether the
23
     remote transmission of two witnesses' testimony was better than delaying the entire trial,
24
     especially when it was unclear when the trial could resume. *Id.* In addition, that case was a bench
25
     trial. The court noted that "if this were a jury trial, the court's concerns about clarity would
26
     perhaps be heightened." *Id.*
27

28

2-                     Case No. 3:17-CV-00477-LRH-VPC

106987629.2 0065303-00001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Likewise, in *Vasquez v. City of Idaho Falls*, No. 4:16-CV-00184-DCN, 2020 WL 1860394 at \*6 (D. Idaho Apr. 13, 2020), the other opinion cited by Union Pacific that was decided during the pandemic, the plaintiff had identified 23 potential witnesses. Yet the plaintiff only sought remote testimony for one of the witnesses—a 73-year old diabetic man who lived in Florida which had a statewide shelter-in-place order at the time. *Id*. at \*8. Neither of those cases provides support for the proposition that the majority of witnesses could present their testimony remotely via videoconference in a jury trial.

Moreover, "general assertions regarding the witnesses' health . . . and preference not to travel . . . to testify at trial are insufficient to establish good cause and compelling circumstances in order to overcome the long-standing preference for live testimony." *Scozzari v. City of Clare*, No. 08-10997-BC, 2012 WL 2003509, at \*3 (E.D. Mich. June 5, 2012). In *Scozzari*, the court rejected a request for video testimony of two elderly, poor witnesses who lived in a remote area and were advised not to travel by air for medical reasons, stating that "presenting the testimony of two important witnesses who have not been deposed via contemporaneous transmission at trial would result in prejudice to Defendants' ability to confront and cross-examine the witnesses." *Id.*

Winecup recognizes that COVID-19 presents unique challenges for the courts, especially when it comes to jury trials. But Union Pacific is seeking more than $20 million in damages from Winecup. Winecup is entitled to cross-examine Union Pacific's witnesses in live court in front of the jury. This is especially critical for Union Pacific's technical experts and damages witnesses, where an in-person cross examination will be crucial for the jury to understand the issues. There is an immense difference between allowing one or two witnesses to testify remotely when compelling circumstances exists for those specific individuals and allowing all of a parties' witnesses to testify remotely. While certain accommodations may be needed to adjust to COVID-19, allowing Union Pacific to have all of its witnesses testify at trial by videoconference is not one of them and would not be fair to Winecup.

106987629.2 0065303-00001

1  **III.   CONCLUSION**

2  　　For the reasons set forth above, Union Pacific's Twentieth Motion in Limine should be

3  denied.

4  　DATED: June 19, 2020

　　　　　　　　　　　　　　　　　　/s/ *David J. Jordan*
5　　　　　　　　　　　　　　　　　David J. Jordan (Utah Bar No. 1751)
　　　　　　　　　　　　　　　　　Michael R. Menssen (Utah Bar No. 15424)
　　　　　　　　　　　　　　　　　STOEL RIVES LLP
6　　　　　　　　　　　　　　　　　201 S. Main Street, Suite 1100
　　　　　　　　　　　　　　　　　Salt Lake City, UT 84111
7
　　　　　　　　　　　　　　　　　William E. Peterson (Bar No. 1528)
8　　　　　　　　　　　　　　　　　Janine C. Prupas (Bar No. 9156)
　　　　　　　　　　　　　　　　　Wayne Klomp (Bar No. 10109)
9　　　　　　　　　　　　　　　　　SNELL & WILMER L.L.P.
　　　　　　　　　　　　　　　　　50 West Liberty Street, Suite 510
10　　　　　　　　　　　　　　　　Reno, NV 89501

11　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　*Winecup Gamble, Inc.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I served a true and correct copy of the foregoing **WINECUP GAMBLE'S OPPOSITION TO UNION PACIFIC'S TWENTIETH MOTION *IN LIMINE* TO PERMIT UNION PACIFIC WITNESSES TO TESTIFY BY VIDEO** via CM/ECF electronic filing on the following:

Michael R. Kealy
mkealy@parsonsbehle.com
Ashley C. Nikkel
anikkel@parsonsbehle.com
PARSONS BEHLE & LATIMER
50 W. Liberty Street, Suite 750
Reno, NV 89501

Gary M. Elden
Gelden@shb.com
Riley C. Mendoza
mendoza@shb.com
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606

*Attorneys for Plaintiff Union Pacific Company*

DATED: June 19, 2020.


*/s/ Rose Gledhill*

-1-                    Case No. 3:17-CV-00477-LRH-VPC

106987629.2 0065303-00001