UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WINECUP GAMBLE, INC., a Nevada corporation,<br><br>Defendant. | Case No. 3:17-cv-00477-LRH-CLB<br><br>ORDER |

Before the Court is Union Pacific's motion for clarification (ECF No. 207) of the Court's *Order* (ECF No. 203). Winecup opposes Union Pacific's motion for clarification (ECF No. 212) and argues that the motion for clarification is actually a motion for reconsideration that should be denied. Regardless of how Union Pacific's motion is construed, the Court agrees with Winecup and affirms the holding of ECF No. 203.

The Court's holding was clear: "[S]hould Union Pacific prevail in this case, the proper measure of damages will be the cost of restoration, i.e., the cost to repair the washed-out sections of track and restore the property to its *former condition*, less depreciation." ECF No. 203 at 4 (emphasis added). It is undisputed that Union Pacific's property contained culverts that supported sections of track before a flood wiped out the culverts and caused the tracks to be unusable. Following the flood, Union Pacific replaced the culverts with bridges, which cost more to install than culverts would have. Tort law however limits Union Pacific's recovery to damages that compensate it for its *losses*, i.e., damages that put it in the same, or as near as possible, position that it would have occupied if the flood had not occurred. *Felder v. United States*, 543 F.2d 657, 667 (9th Cir. 1976). The "same" or "as near as possible" position in this case would entitle Union

Pacific to restoration or replacement costs for culverts supporting the tracks; it would not entitle Union Pacific to better its position and to gain from the damage caused.

Union Pacific's arguments do not persuade the Court to reconsider its ruling. Union Pacific relies on a "practical" and "functional equivalent" standard that does not align with precedent. Though case law allows some flexibility in awarding damages, that flexibility cuts against Union Pacific and exists to ensure that a party is fully compensated—but compensated no more than necessary—to cover the losses it sustained.

For example, in *Moulton v. Groveton Papers Co.*, a case Union Pacific relies on, the court permitted recovery of damages to build larger and wider bridges than had previously been in place because the owner was under a *legal obligation* to build the bridges in that manner. 323 A.2d 906, 911 (N.H. 1974). The court's damage award made sense under the circumstances: If the owner built smaller bridges, the bridges would not comply with the law and would therefore leave the property owner in a worse position because the bridges would not be usable. A higher damage award was necessary to restore the owner to the same or similar condition as it was in before the damage occurred. But this case is easily distinguishable from *Moulton*. Union Pacific was not under a legal obligation to build bridges instead of culverts. Rather, as Union Pacific admitted, culverts could have been built; Union Pacific simply chose to build the bridges in certain places because it was a more efficient path to get the railroad operating again.

Similarly, the Court is unpersuaded by Union Pacific's reliance on *Nelson v. Peckham Plaza Partnership*, 866 P.2d 1138 (Nev. 1994). The court in *Nelson* permitted a property owner to recover the costs to replace an entire floor instead of the specific portions that were damaged because replacing only the damaged portion would have resulted in an inconsistent floor pattern and a floor that had seams "which would collect water and be easily noticeable"; thus, replacing the entire floor was the only way to repair the damage caused by the tenant's negligence. *Id.* at 1139. Here, the washed-out portion of culverts could have been replaced with new culverts, putting Union Pacific in the exact same position it had been in before the flood. The two situations simply are not comparable.

Union Pacific had every right to replace the washed-out portions with bridges rather than culverts, but it cannot ask Winecup to foot the entire bill when that amount would exceed the amount necessary to compensate it for its losses. Thus, the Court again holds that should Union Pacific prevail in this case, the proper measure of damages will be the cost of restoration, i.e., the cost to repair the washed-out sections of track and restore the property to its former condition, less depreciation.

IT IS THEREFORE ORDERED that Union Pacific's Motion for Clarification (ECF No. 207) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of May, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE