UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WINECUP GAMBLE, INC., a Nevada corporation,<br><br>Defendant. | Case No. 3:17-cv-00477-LRH-CLB<br><br>ORDER |

Before the Court is Winecup's Ninth Motion in Limine (ECF No. 234), to which Union Pacific responded (ECF No. 237). As explained below, the Court denies Winecup's motion in part and grants it in part.

In its ninth motion in limine, Winecup asks the Court to "exclude all evidence of and argument for a hypothetical rerouting damages theory, from any witness." ECF No. 234 at 2 n.1. Specifically, Winecup argues that the Court should exclude evidence indicating that rerouting damages would have been more expensive if Union Pacific installed culverts instead of bridges. Winecup also argues that Union Pacific's new theory on damages, which centers on Union Pacific receiving damages that would have occurred if culverts had been installed, violates well-settled damages law and would be prejudicial to Winecup at this stage of litigation. *Id.* at 7–11.

The Court has already addressed Winecup's first contention in its order regarding Winecup's seventh motion in limine. *See* ECF No. 236. In that order, the Court held that Union Pacific's witness, Stephen Dolezal, may testify to the rerouting costs Union Pacific would have incurred if it chose to build culverts. *Id.* at 4–5. The Court reasoned that Dolezal's testimony would be based on data and documents that had been in Winecup's passion since at least February 2019.

1

*Id.* at 4. And any prejudice that Winecup could experience because of Dolezal's testimony would be fully remedied by Union Pacific's offer to permit Winecup to re-depose Dolezal before trial. *Id.* at 5. The Court affirms that holding today. If evidentiary requirements are satisfied, a qualified witness may testify to rerouting damages for building culverts being higher or lower than what Union Pacific spent. Thus, the Court denies Winecup's ninth motion in limine to the extent it asks the Court to exclude evidence regarding the rerouting costs associated with building culverts.

The Court does however grant Winecup's motion to the extent it argues that Union Pacific cannot recover more damages than it actually incurred. As explained in the Court's orders regarding the law on damages, "should Union Pacific prevail in this case, the proper measure of damages will be the cost of restoration, i.e., the cost to repair the washed-out sections of track and restore the property to its former condition, less depreciation." ECF No. 214 at 3; *see also* ECF No. 203 at 4. Union Pacific's damage recovery is limited by the amount it would have cost to restore the property to the former condition, which is undisputedly culverts rather than bridges. If the jury finds that the amount Union Pacific spent on building bridges exceeds the amount that it would have cost to build culverts, Union Pacific's damages recovery will be limited to the amount it would have cost to build culverts. And vice versa. If the amount Union Pacific spent on building bridges is less than the amount it would have cost to build culverts, Union Pacific's damages recovery will be limited to the amount it spent on building bridges. To this point, Union Pacific has relied on an actual loss theory and claimed that it was entitled to the amount it spent to install bridges, $19,394,638.66, which includes $892,075.13 in rerouting costs. ECF No. 234 at 40. Union Pacific cannot now extend its damage theory to include rerouting costs that it did not incur. Doing so would violate the settled tort principal that a party should not be placed in a better position than what it would have been in had the wrong not occurred. Thus, the Court grants Winecup's motion to the extent it argues that Union Pacific cannot recover damages exceeding the actual loss it incurred.

///

///

IT IS THEREFORE ORDERED that Winecup's Ninth Motion in Limine (ECF No. 234) is denied in part and granted in part.

IT IS FURTHER ORDERED that Union Pacific shall make Stephen Dolezal available before trial to Winecup to re-depose regarding the rerouting costs associated with building culverts rather than bridges.

IT IS SO ORDERED.

DATED this 31st day of August, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE