UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 3:17-cv-00477-LRH-CLB |
| | ) | |
| vs. | ) | MINUTES OF COURT |
| | ) | |
| WINECUP GAMBLE, INC., | ) | September 29, 2022 |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS:** JURY TRIAL (Day Nine)

**PRESENT:**
**THE HONORABLE LARRY R. HICKS**, UNITED STATES DISTRICT JUDGE

**Deputy Clerks: Paris Rich and Ashlyn Bye**       **Reporter: Donna Prather**

**Counsel for Plaintiff:   Gary Elden and Peter O'Neill**

**Counsel for Defendant: David Jordan, Jacey Prupas, and Michael Menssen**

At 8:00 a.m., the Court convenes.

On behalf of the Plaintiff, Mr. Elden and Mr. O'Neill are present with Patrick Prososki, Senior Manager of Industrial and Public Projects, Union Pacific Railroad Company.   Also present is Jeff Martin, IT support specialist.

On behalf of the Defendant, Mr. Jordan, Ms. Prupas, and Mr. Menssen are present with Jack McElhinney, Representative Winecup Gamble, Inc.   Also present is Kentaro Ebersole, IT support specialist.

Outside the presence of the jury, Mr. Jordan recites objections to Exhibits 564B, 569B, and 571B, and 802 that Plaintiff's is intending to use.   Mr. O'Neill responds.   The Court confirms it will review the identified exhibits prior to ruling on the objections.

Mr. Menssen addresses the replacement of Exhibit 1466A, as the video previously submitted to the Court had sound.   Exhibit 1466A was broadcast to the jury without sound.

Mr. Menssen confirms that the parties have agreed to the redaction of Exhibit 8 and will provide the same to the Court for admission.

Mr. Menssen recites the parties' stipulated exhibits.

**IT IS ORDERED that Exhibits 178 and 801 are received into evidence.**

**IT IS FURTHER ORDERED that Exhibit 1747 is approved by the Court for use as a demonstrative exhibit.**

The Court and counsel discuss the stipulated exhibits. The Court inquires as to whether the stipulated exhibits that were never used with a witness are intended to be admitted by the parties. Mr. Jordan states the parties will review the exhibits together and advise the Court.

The Court inquires as to remaining witness progression. Mr. Jordan confirms that Witness Godwin is the Defendant's final witness, currently on direct examination, and then the Defendant will rest.

At 8:17 a.m., the jury enters the courtroom. All jurors are present.

DEREK BRANDON GODWIN, remaining under oath, resumes the witness stand, is further examined on direct by Mr. Menssen, cross-examined by Mr. Elden, examined on redirect by Mr. Menssen, recross-examined by Mr. Elden, and excused.

At 9:55 a.m., the jury is admonished and excused.

Outside the presence of the jury, Mr. Jordan states the Defendant will rest after the break, subject to review of the exhibits. Mr. Jordan readdresses Exhibits 564B, 569B, 571B, and 802 to be used with Plaintiff's rebuttal witnesses Mr. Lavin and Mr. Razavian. The Court will review the exhibits with counsel after the break.

At 9:58 a.m., the Court stands at recess.

At 10:11 a.m., the Court reconvenes.

Outside the presence of the jury, the Court and counsel review Exhibits 564B, 569B, 571B, and 802. Mr. O'Neill presents argument. Mr. Jordan presents argument. The Court recites findings and conclusions. **IT IS ORDERED that Exhibits 564B, 569B, 571B, and 802 shall not be referred to or used.**

At 10:32 a.m., the jury enters the courtroom.

The Court recites statements to the jury regarding the remaining trial schedule.

Mr. Jordan states the Defendant rests, subject to review of the exhibits.

Plaintiff presents rebuttal.

JOHN LAVIN, appearing via Zoom videoconference and called by Plaintiff for purposes of rebuttal, is sworn, examined on direct by Mr. O'Neill, cross-examined by Mr. Jordan, examined on redirect by Mr. O'Neill and excused.

DARYOUSH RAZAVIAN, called by Plaintiff for purposes of rebuttal, is sworn, examined on direct by Mr. Elden, cross-examined by Mr. Jordan, and excused.

PATRICK PROSOSKI, called by Plaintiff for purposes of rebuttal, is sworn, examined on direct by Mr. O'Neill, cross-examined by Ms. Prupas, and excused.

Mr. Elden states Plaintiff has no further witnesses.   Mr. Elden further states that, prior to officially resting on the record, Plaintiff filed a motion this morning for the Court's consideration (ECF No. 270) to be discussed at the appropriate time.   Additionally, Mr. Elden states Plaintiff has a few exhibit questions awaiting resolution.   Subject to the aforementioned points, Plaintiff rests.   Mr. Jordan states the Defendant also has a motion for the Court's consideration.

The Court addresses the jury with respect to the remaining trial schedule.

At 12:03 p.m., the jury is admonished and excused until <u>Friday, September 30, 2022 at 8:00 a.m</u>.

Outside the presence of the jury, the Court inquires as to whether Defendant has any rebuttal witnesses.   Mr. Jordan confirms the Defendant has no rebuttal witnesses.

The Court states that time for the parties' Rule 50 motions is reserved.   The Court will decide those questions, accordingly.   Mr. Jordan confirms he has not yet reviewed Plaintiff's Rule 50 motion filed this morning and is not yet prepared to address.   Mr. Jordan suggests the parties take an hour and a half for lunch for Mr. O'Neill and Mr. Menssen to resolve any outstanding exhibit issues while Mr. Jordan reviews Plaintiff's Rule 50 motion so he can address with the Court following the lunch recess. The Defendant's Rule 50 motion will be argued orally.

The Court and counsel discuss the proposed jury instructions and process.

At 12:07 p.m., the Court addresses a jury note that a juror will be submitting to the Court.   The Court and counsel hold for the jury note.

The Court and counsel discuss the closing statements timeline.

Mr. Elden inquires whether all counsel will be required to be present for the jury instruction conference, as he would like to begin work on Plaintiff's closing argument.   The Court states it only needs one counsel present on each side.

The Court and counsel discuss the stipulated exhibits to which no witness referred.   The Court and counsel briefly address the outstanding issues with Exhibits 144, 163, 164, and 169A.

At 12:12 p.m., Jury Note No. 3 is received.   The Court reviews and recites Jury Note No. 3.   The Court and counsel confer.   The Court recites a responsive statement and is read back by the Clerk.   Counsel have no objection to the Court's response.

At 12:20 p.m., the Court stands at recess until 2:30 p.m. this date.

At 2:40 p.m., the Court reconvenes.

The Court provides counsel with the proposed jury instructions for review. The Court states the proposed verdict form will be provided to counsel later this afternoon.

Mr. O'Neill recites the parties' stipulated exhibits.

**IT IS ORDERED that, pursuant to stipulation of the parties, Exhibits 142A, 142C, 144, 167B and 167D are received into evidence.**

The Plaintiff offers Exhibits 141B, 163, 164, 167A, 167C, 167E, 167F, 169A, 209, and 210 which are objected to by the Defendant. Mr. Elden presents argument. Mr. Jordan responds.

**IT IS ORDERED that the Defendant's objections to Exhibits 141B, 209, 210, 163, 164, and 169A are SUSTAINED.**

**IT IS FURTHER ORDERD that Exhibits 167A, 167C, 167E, and 167F are received into evidence.**

On behalf of the Plaintiff, Mr. Elden presents argument with respect to Plaintiff's Motion for Judgment (ECF No. 270). Mr. Jordan presents argument. The Court recites findings and conclusions. **IT IS ORDERED that the Plaintiff's Motion for Judgment (ECF No. 270) is DENIED.**

On behalf of the Defendant, Mr. Jordan recites motion for directed verdict relating to Mile Posts 672, 677, and 679. Mr. Elden presents argument. The Court recites findings and conclusions. **IT IS ORDERED that the Defendant's motion for a directed verdict as to Mile Posts 672, 677, and 679 is DENIED.**

The Court addresses the Plaintiff's Motion to Amend Second Amended Complaint (ECF No. 266). The Court recites findings and conclusions. **IT IS ORDERED that Plaintiff's Motion to Amend Second Amended Complaint (ECF No. 266) is DENIED.**

On behalf of the Defendant, Mr. Jordan recites oral motion for directed verdict on punitive damages and presents argument. Mr. Elden presents argument. Mr. Jordan responds. The Court recites findings and conclusions. **IT IS ORDERED that the Defendant' oral motion for directed verdict on punitive damages is DENIED.**

On behalf of the Defendant, Mr. Jordan recites oral motion for directed verdict on trespass and presents argument. Mr. Elden recites argument. Mr. Jordan responds. The Court recites findings and conclusions. **IT IS ORDERED that the Defendant's oral motion for directed verdict on trespass is DENIED.**

On behalf of the Defendant, Mr. Jordan recites oral motion for directed verdict on nuisance and presents argument. Mr. Elden recites argument. Mr. Jordan responds. The Court recites findings and conclusions. **IT IS ORDERED that the Defendant's oral motion for directed verdict on nuisance is DENIED.**

At 4:33 p.m., the Court stands at recess.

At 5:05 p.m., the Court reconvenes outside the presence of the jury.

The Court states it does not yet have a proposed verdict form prepared. If counsel wishes to present a revised verdict form, other than what has already been proposed, counsel shall file with the Court prior to tomorrow morning.

The Court and counsel review the First Court Proposed Jury Instructions. The Court and counsel confer regarding edits and corrections. The Court notes that all of counsels' objections as recited are preserved.

On behalf of the Defendant, Mr. Jordan offers one additional proposed jury instruction relating to intimidation of a witness. Mr. O'Neill recites objection. The Court states the Plaintiff's objection is preserved. The Court RESERVES on the issue until tomorrow morning.

On behalf of the Plaintiff, Mr. O'Neill addresses the Plaintiff's supplemental instructions at ECF No. 248, specifically the missing document and missing witness instructions, and any of the Plaintiff's remaining proposed instructions at ECF No. 253. The Court restates that the parties' objections are preserved.

The Court states that each party will have an hour and a half for closing arguments with Plaintiff reserving time out of that for rebuttal argument, if appropriate.

Mr. Joran requests clarification regarding demonstrative exhibits in closing arguments. The Court states if a demonstrative exhibit was identified with a particular witness and the argument concerns the witness' testimony, the Court will allow the use of the demonstrative exhibit for that limited purpose.

**IT IS ORDERED Jury Trial (Day Ten) is continued to Friday, September 30, 2022 at 8:00 a.m. in Reno Courtroom 3 before Judge Larry R. Hicks.**

At 6:11 p.m., the Court adjourns.

                                                         DEBRA K. KEMPI, CLERK


                                                         By: /s/ Paris Rich and Ashlyn Bye
                                                                 Deputy Clerks