UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WINECUP GAMBLE, INC., a Nevada corporation,<br><br>Defendant. | Case No. 3:17-cv-00477-LRH-CLB<br><br>ORDER |

Before the Court is Winecup Gamble's motion for attorney's fees and related nontaxable expenses (ECF No. 285). Winecup Gamble argues that it is entitled to attorney's fees and related nontaxable expenses under Federal Rule of Civil Procedure 54(d)(2) and Nevada Rule of Civil Procedure 68. As explained below, the Court agrees with Winecup Gamble, and grants its motion.

I.   **BACKGROUND**

In June 2022, Winecup Gamble served Union Pacific with an offer of judgment under Nevada Rule of Civil Procedure 68. ECF No. 285-2. The offer of judgment offered $7.5 million to resolve all claims between the parties. *Id.* Union Pacific did not accept the offer, so the case proceeded to trial. After ten days of the parties' presentation of their witnesses, exhibits, and arguments, the jury returned a defense verdict in favor of Winecup Gamble. Specifically, the jury found that Union Pacific failed to prove that Winecup Gamble acted negligently, committed a trespass, or was liable for a public nuisance. ECF No. 282. The jury also found that Winecup Gamble had proven its affirmative defense that the 2017 flood leading to this lawsuit was an Act of God or an Act of Nature. *Id.* Accordingly, the Court entered judgment in favor of Winecup

Gamble on all claims. Winecup Gamble now seeks an award of attorney's fees and related nontaxable expenses. *See* ECF No. 285.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) permits a prevailing party to recover attorney's fees if a statute, rule, or contract provides a substantive basis for such award. *See Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975); *MRO Comm., Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). In diversity actions, the Court "appl[ies] the law of the forum state to determine whether a party is entitled to attorney's fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Comm.*, 197 F.3d at 1282.

Winecup Gamble relies on Nevada Rule of Civil Procedure 68, claiming it provides a right to attorney's fees. Rule 68 governs offers of judgment and imposes penalties when a party that rejects an offer of judgment fails to obtain a more favorable judgment. Nev. Rev. Stat. § 68(g). If the rejecting party fails to obtain a more favorable judgment, the party:

> must pay the offeror's post-offer costs and expenses, including a reasonable sum to cover any expenses incurred by the offeror for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney fees, if any be allowed, actually incurred by the offeror from the time of the offer.

*Id.* at 68(f)(1)(B).

Union Pacific claims that Rule 68 does not permit attorney's fees here because its language, as revised in 2019, requires that the fees be permitted by law or contract in order to invoke the penalties section. *See* ECF No. 295 at 3–7. This is a misreading of Rule 68. The provisions that Union Pacific relies on govern the Court's analysis in determining whether a party obtained a favorable judgment. Here, it is undisputed that Union Pacific did not obtain a more favorable judgment, thus satisfying the provisions that Union Pacific relies on.

The only question remaining then is whether the penalties provision provides a right to attorney's fees that permits Winecup Gamble to recover such fees under Rule 54(d)(2). Because the relevant language of Rule 68(f) remained unchanged after the 2019 revisions, the Court looks to both pre-2019 and post-2019 caselaw to answer this question. Caselaw shows that it has been

long settled that Rule 68(f) provides a substantive right to attorney's fees under Nevada law that may be enforced through Rule 54(d)(2). *See, e.g.*, *MRO Comm.*, 197 F.3d at 1282–83. After the 2019 revisions, courts in this district have continuously enforced Rule 68(f) in accordance with pre-2019 caselaw. *See, e.g.*, *No. 8 Mine, LLC v. Eljen Gr., LLC*, No. 3:18-cv-00104-WGC, 2021 WL 2954005, at *4–5 (D. Nev. July 14, 2021); *Schwartz-Tallard v. HSBC Bank USA*, No. 2:17-cv-02328-RFB-NJK, 2020 WL 7048260, at *1 (D. Nev. Nov. 30, 2020); *Pleasant v. State Farm Fire & Cas. Co.*, No. 2:16-cv-01977-JAD-BNW, 2020 WL 4572316, at *2–3 (D. Nev. Aug. 7, 2020); *Folino v. Swanson*, No. 81252, 2022 WL 807129, at *6 (D. Nev. Mar. 16, 2022).

Accordingly, the Court finds that Rule 68(f) provides a right to attorney's fees in this case so long as the *Beattie* factors weigh in favor of awarding such fees. The *Beattie* factors require this Court to consider "(1) whether the plaintiff's claim was brought in good faith; (2) whether the defendant's offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983). A party may recover attorney's fees if these factors weigh in favor of doing so.

### III.  DISCUSSION

#### A.  Attorney's Fees[1]

##### 1.  Union Pacific's claims were brought in good faith.

It is undisputed that Union Pacific's claims were brought in good faith. *See* ECF No. 285; ECF No. 295. Therefore, this factor weighs against awarding fees.

##### 2.  Winecup Gamble's offer of judgment was reasonable and made in good faith in both its timing and amount.

Winecup Gamble offered $7.5 million to settle this case three months before it went to trial. Although this was only a third of what Union Pacific sought to recover at trial, it was reasonable

---

[1] As explained below, the Court concludes that attorney's fees and nontaxable expenses can and should be awarded to Winecup Gamble under Rule 68. Accordingly, the Court need not and does not reach Winecup Gamble's alternative argument that it is entitled to attorney's fees and nontaxable expenses as a result of Union Pacific's attempt at witness intimidation.

3

in light of Winecup Gamble's position on the case and the defenses that it asserted. Winecup Gamble believed that the flood was the result of an Act of God or an Act of Nature and that at most Union Pacific should recover $4.2 million in damages. Moreover, this offer came long after the close of discovery and the parties had a full opportunity to analyze the strengths and weaknesses of both sides of the case. Considering both parties' views of the case and the timing of this offer, the Court finds that Winecup Gamble's offer was reasonable. Thus, this factor weighs in favor of awarding fees.

       3.    <u>Union Pacific's decision to reject Winecup Gamble's offer and proceed to trial was not grossly unreasonable or made in bad faith.</u>

Nothing within the record suggests that Union Pacific rejected Winecup Gamble's offer in bad faith. However, Union Pacific's rejection of the offer borders on unreasonable, especially considering the amount it would cost to continue litigating the case through trial and the potential (and ultimate result) of obtaining a verdict awarding zero dollars in damages. At trial, the jury found that Union Pacific did not meet its burden of proving *any* of its claims. Bordering unreasonable, however, is far short of being *grossly* unreasonable. The Court, therefore, finds that this factor is either neutral or weighs slightly in favor of denying fees.

       4.    <u>The fees sought by Winecup Gamble are reasonable and justified in amount.</u>

This factor requires the Court to consider factors set out in *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31 (Nev. 1969). Those factors include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; and (4) the result: whether the attorney was successful and what benefits were derived.

*Id.* at 33.

It is undisputed that Winecup Gamble's "counsel are all experienced, high quality trial counsel." ECF No. 295 at 12. The first factor is therefore satisfied.

It is also undisputed that the second *Brunzell* factor is satisfied. The lawyers and witnesses involved here had to be particularly skilled in a range of difficult subject matters and had to devote

4

a substantial amount of time and labor to this case. This case involved highly complicated issues relating to hydrology, meteorology, dam engineering, railroad operations and rerouting, and railroad construction. And it involved legal issues related to the interactions between the legal standard of care for dam safety, the legal standard for damages, and the applicability of the facts in this case to Union Pacific's claims of negligence, trespass, and nuisance. The second *Brunzell* factor is easily satisfied as a result.

The Court also finds that the third *Brunzell* factor is satisfied here. As evidenced by several exhibits, the attorneys, paralegals, and experts involved in this case devoted a large volume of hours after the offer of judgment was rejected to prepare for and participate in the ten-day trial. The attorneys and paralegals alone devoted roughly 2,059 hours to this case during the relevant period. *See* ECF No. 285-3 (Foley & Lardner attorneys and paralegals spent a total of 533.50 hours on the trial); ECF No. 285-4 (Snell & Wilmer attorneys and paralegals spent 606.90 hours on the trial); ECF No. 285-5 (Mayer Brown attorneys and paralegals spent 918.7 hours on the trial). The work completed by the attorneys and paralegals included, but was not limited to, reviewing depositions of witnesses, preparing trial outlines, prepping witnesses, and participating in the actual trial.

It is no surprise to the Court that Winecup Gamble's trial team spent this large volume of hours on the trial. This case involved highly complicated issues. Potential witnesses at trial amounted to 29 people. Motions in limine were briefed during this period of time. And this trial lasted *ten* full days, which the exhibits reveal that roughly a third of the attorneys' fees that Winecup Gamble seeks were incurred *during* the trial. The fees incurred during the trial and immediately following it are no doubt reasonable.

Moreover, after thoroughly reviewing the hours and type of work that Winecup Gamble's counsel devoted to pre-trial preparation, the Court is completely satisfied that the fees incurred during pre-trial preparation were reasonable. Union Pacific's only argument to the contrary is that the expenses Winecup Gamble incurred in preparing for and conducting a mock jury exercise were unreasonable. In some cases, a mock jury exercise would be unreasonable. *See, e.g.*, *United States v. $40,000.00 In U.S. Currency*, No. 3:13-cv-00405-LRH, 2015 WL 5177753, at *6 (D. Nev. Sept.

4, 2015) (holding that a mock trial was unreasonable when the case could have been resolved at the summary judgment stage); *Beach v. Wal-Mart Stores, Inc.*, 958 F. Supp. 2d 1165, 1173 (D. Nev. 2013) (holding that a mock trial was unreasonable in a slip and fall case). Here, however, conducting a mock trial was reasonable. This case involved highly complicated issues that required several expert witnesses on both sides and was not a run of the mill case that could be easily resolved or prepared for without conducting trial runs. Thus, the Court finds that all fees incurred by Winecup Gamble after the offer of judgment are reasonable. The third *Brunzell* factor is therefore satisfied.

Finally, it is undisputed that the fourth *Brunzell* factor is satisfied because Winecup Gamble obtained a successful result. The jury ultimately found in favor of Winecup Gamble on all issues, finding that Union Pacific had failed to meet its burden on any of its claims and that Winecup Gamble had successfully proven its affirmative defense. Thus, all four *Brunzell* factors are satisfied and accordingly, Winecup Gamble is entitled to attorney's fees.

Winecup Gamble seeks $922,002.50 for the legal services it performed. In the Ninth Circuit, courts apply the lodestar standard to determine what fees should be awarded. *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). To calculate the lodestar, the Court multiplies the number of hours the party reasonably expended on the litigation by a reasonable hourly rate. *Id.* Under the lodestar standard, Winecup Gamble should be awarded the $922,002.50 it seeks. Winecup Gamble's attorneys billed at hourly rates ranging from $400 to $650. The non-attorney time billed was billed at rates ranging from $215 to $305. Given the experience of the attorneys and paralegals involved and the complexity of this case, these rates were reasonable. As demonstrated in Winecup Gamble's exhibits accompanying the underlying motion, when multiplied with the hours expended, these rates amount to $922,002.50 in fees.

### B.     Nontaxable Expenses

Winecup Gamble also seeks to recover nontaxable expenses under Rule 54(d)(2). It claims that recovery of these nontaxable expenses is authorized by Nevada Revised Statutes § 18.020 and § 18.005, as well as Nevada Rule of Civil Procedure 68(f). ECF No. 285 at 9. Specifically, Winecup Gamble seeks to recover (1) the fees incurred for the trial preparation and trial

appearances of Winecup's expert witnesses, Derek Godwin and Matt Lindon, and (2) trial transcript costs. These nontaxable expenses amount to $121,169.64. Union Pacific does not oppose this portion of Winecup Gamble's motion. *See* ECF No. 295. After review of the relevant law and the relevant exhibits, the Court finds that these fees should also be awarded to Winecup Gamble. Rule 68(f) specifically authorizes the recovery of post-offer costs and expenses, including a reasonable sum to cover expenses incurred for each expert witness. The sum Winecup Gamble seeks to cover expert witness expenses and trial transcripts is reasonable. Accordingly, the Court grants this portion of Winecup Gamble's motion.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Winecup Gamble's motion (ECF No. 285) is granted.

IT IS FURTHER ORDERED that Union Pacific shall pay $922,002.50 in fees and $121,169.64 in nontaxable expenses.

IT IS SO ORDERED.

DATED this 16th day of June, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE