PARSONS BEHLE & LATIMER
Michael R. Kealy, Esq., NV Bar No. 971
Ashley C. Nikkel, Esq., NV Bar No. 12838
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Email: mkealy@parsonsbehle.com
anikkel@parsonsbehle.com

SHOOK HARDY & BACON LLP
Gary M. Elden (Admitted Pro Hac Vice)
Riley C. Mendoza (Admitted Pro Hac Vice)
Peter F. O'Neill (Admitted Pro Hac Vice)
Kathleen M. Ryan (Admitted Pro Hac Vice)
111 S. Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
Email: gelden@shb.com
rmendoza@shb.com
pfoneill@shb.com
kxryan@shb.com

*Attorneys for Plaintiff*
*Union Pacific Railroad Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>WINECUP GAMBLE, INC., a Nevada corporation,<br><br>                    Defendant. | Case No. 3:17-cv-00477-LRH-CLB<br><br>**UNION PACIFIC RAILROAD COMPANY'S MOTION PURSUANT TO FED. R. CIV. P. 62 TO STAY EXECUTION OF THE JUDGMENT** |

Plaintiff Union Pacific Railroad Company ("Union Pacific") by its undersigned counsel and pursuant to Fed. R. Civ. P. 62(b), hereby moves this Court to stay enforcement of this Court's December 12, 2022 order approving the bill of costs (Dkt. 306) and the Court's June 16, 2023 order granting Defendant Winecup Gamble, Inc.'s ("Winecup") motion for attorneys' fees (Dkt. 313) pending appeal of these orders and the order entering judgment in this case (Dkt. 283), and until 30 days after an appellate mandate issues affirming the judgments.  Union Pacific requests that it not be required to post a supersedeas bond during the stay given that Union Pacific will plainly be able to satisfy these judgments at the conclusion of the appeal, and requiring a bond would result in unnecessary expense. Union Pacific has conferred with Winecup about this motion and Winecup does not oppose Union Pacific's request for stay or the waiver of the bond requirement.

## I.  A District Court May Issue an Unsecured Stay Where the Judgment Debtor's Ability to Satisfy the Judgment Is Plain.

Pursuant to Federal Rule of Civil Procedure 62(b), a judgment debtor is entitled as a matter of right to a stay of the execution of a money judgment pending appeal upon the posting of a supersedeas bond.  *See Peacock v. Thomas*, 516 U.S. 349, 359 (1996).

In addition, a district court has "broad discretionary power to waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990); *Dillon v. W. Publ'g Corp.*, No. 3:03-CV-0203-ECR-RAM, 2007 WL 9728805, at *1–2 (D. Nev. Oct. 5, 2007) ("Under certain circumstances, the bond requirement may even be waived."); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1104 (S.D. Cal. 1990) (the trial court may, at its discretion, either waive the bond requirement or allow the judgment debtor to use some alternative type of security); *see also Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 757–58 (D.C. Cir. 1980) ("Rule 62(d) only operates to provide that an appellant in all cases may obtain a stay as a matter of right by

PARSONS
BEHLE &
LATIMER

filing a supersedeas bond, and does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate.").

In particular, the Court "may exercise its discretion to award a stay without requiring a bond provided such action will not 'unduly endanger the judgment creditor's interest in ultimate recovery.'" *Buonanoma v. Sierra Pac. Power Co.*, No. 0304CV-0077-LRH VPC, 2006 WL 3690662, at *1 (D. Nev. Dec. 11, 2006) (quoting *Fed. Prescription Serv., Inc.*, 636 F.2d at 760–61).

**II.      Union Pacific's Ability to Satisfy the Judgments Is Plain.**

The judgments at issue here total $1,111,703.41:  $1,043,172.14 for the attorneys' fees order (Dkt. 313) and $68,531.27 for the bill of costs (Dkt. 306).  Waiving the bond requirement will not endanger Winecup's interest in ultimate recovery of this amount.  Union Pacific is in sound financial shape and will continue to have more than enough cash and credit to easily satisfy these judgments at the conclusion of the appeal.  Union Pacific is a Fortune 500 company with net income of $7 billion in 2022.[1] This is many magnitudes higher than the fee and costs awards in this case.

Winecup does not need a supersedeas bond to protect it from loss, as there is no basis to conclude Union Pacific will become insolvent during the appeal. *See Kranson v. Fed. Express Corp.*, No. 11-cv-05826, 2013 WL 6872495, at *2 (N.D. Cal. Dec. 31, 2013) (waiving bond requirement where "the Court is confident that FedEx has available funds to ultimately pay the judgment"); *Dillon*, 2007 WL 9728805, at *2 (waiving bond requirement where "Defendant's ability to pay does seem to be obvious"); *see also Fed. Prescription Serv., Inc.*, 636 F.2d at 760–61 (waiving bond requirement where the judgment debtor had a net worth of more than 47 times the amount of the judgment). Given Union Pacific's financial condition and the amount of the

---

[1] *See* UP: Union Pacific Reports Fourth Quarter and Full Year 2022 Results; Union Pacific 2022 10-k: unp20221231_10k.htm (up.com)

PARSONS
BEHLE &
LATIMER

judgment, requiring Union Pacific to post a bond here would result in wasteful and unnecessary expenses.  *See, e.g.*, *Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D. Fla. 1989) ("the district court may grant the stay without the posting of any security" because the costs associated with posting the bond would be a waste of money); *Cross v. Fleet Reserve Ass'n Pension Plan*, Civil No. WDQ-05-0001 2007 WL 7143977, at *3-4 (D. Md. Feb. 27, 2007) (granting stay without bond because judgment debtor had sufficient assets and bond premium would be waste of money).

Furthermore, Winecup does not oppose this request for stay or the waiver of the bond requirement here.  This also weighs in favor of approving a stay without a bond.  *See Buonanoma*, 2006 WL 3690662, at *1.

THEREFORE, Union Pacific requests a stay of the fee and costs awards (Dkt. 303 and 313) pending appeal, until 30 days after an appellate mandate issues affirming the judgments, without the requirement of a bond.

Date: July 13, 2023

Respectfully submitted,

UNION PACIFIC RAILROAD COMPANY

 /s/ *Gary M. Elden*

PARSONS BEHLE & LATIMER
Michael R. Kealy, Esq., NV Bar No. 971
Ashley C. Nikkel, Esq., NV Bar No. 12838
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Email: mkealy@parsonsbehle.com
          anikkel@parsonsbehle.com

SHOOK, HARDY & BACON L.L.P.
Gary M. Elden (Admitted Pro Hac Vice)
Riley C. Mendoza (Admitted Pro Hac Vice)
Peter F. O'Neill (Admitted Pro Hac Vice)
Kathleen M. Ryan (Admitted Pro Hac Vice)
111 S. Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
Email:  gelden@shb.com
          rmendoza@shb.com
          pfoneill@shb.com
          kxryan@shb.com

*Attorneys for Plaintiff Union Pacific Railroad Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am an employee of the law firm of Shook, Hardy & Bacon, LLP, and that on **July 13, 2023**, I filed a true and correct copy of the foregoing document with the Clerk through the Court's CM/ECF System, which sent electronic notification to all registered users addressed as follows.

William E. Peterson
Janine C. Prupas
Snell & Wilmer, LLP
50 West Liberty Street, Suite 510
Reno, NV 89501
wpeterson@swlaw.com
jprupas@swlaw.com

David J. Jordan, Esq.
Foley & Lardner LLP
299 South Main Street, Suite 2000
Salt Lake City, UT 84111
djordan@foley.com

Michael R. Menssen
Mayer Brown LLP
10 W. Broadway, Suite 700
Salt Lake City, UT 84101
mmenssen@mayerbrown.com

*Attorneys for Defendant Winecup Gamble, Inc.*

Dated: July 13, 2023

/s/ *Natalie Funk*
Employee of Shook, Hardy & Bacon L.L.P.